```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

                              SAN JOSE DIVISION




    UNITED STATES OF AMERICA,        )  CR-16-00373-EJD
                                     )
                     PLAINTIFF,      )  SAN JOSE, CALIFORNIA
                                     )
              VS.                    )  DECEMBER 20, 2017
                                     )
    KUBUROVICH, ET AL,               )  PAGES 1-17
                                     )
                     DEFENDANT       )
                                     )
                                     )
    _____  )

                         TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE NATHANAEL M. COUSINS
                        UNITED STATES MAGISTRATE JUDGE



        A P P E A R A N C E S:

        FOR THE PLAINTIFF:       BY:  GARY G. FRY
                                 U.S. ATTORNEY'S OFFICE
                                 150 ALMADEN BLVD., SUITE 900
                                 SAN JOSE, CA 95113


        FOR THE DEFENDANT:       BY:  ZENIA KAREN GILG
                                 ATTORNEY AT LAW
                                 1505 BRIDGEWAY, SUITE 103
                                 SAUSALITO, CA 94965




        OFFICIAL COURT REPORTER:       SUMMER FISHER, CSR, CRR
                                       CERTIFICATE NUMBER 13185


             PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                    TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1           SAN JOSE, CALIFORNIA                    DECEMBER 20, 2017
 2                        P R O C E E D I N G S
 3              (COURT CONVENED AT 11:46 A.M.)
 4           THE CLERK:  CALLING CRIMINAL 16-0373.
 5      UNITED STATES V. KRISTEL KUBUROVICH, UNITED STATES V.
 6   GOYKO GUSTAV KUBUROVICH.
 7           MR. FRY:  GOOD MORNING, YOUR HONOR.
 8      GARY FRY ON BEHALF OF THE UNITED STATES.
 9           THE COURT:  GOOD MORNING.
10           MS. GILG:  AND GOOD MORNING, YOUR HONOR.
11      ZENIA GILG.  I'M APPEARING ON BEHALF OF KRISTEL KUBUROVICH
12   WHO IS PRESENT OUT OF CUSTODY.
13        AND WITH THE COURT'S PERMISSION,  I WOULD LIKE TO APPEAR
14   ON BEHALF OF GOYKO KUBUROVICH AS WELL, FOR HIS ATTORNEY
15   J. DAVID NICK, WHO IS ALSO PRESENT OUT OF CUSTODY.
16           THE COURT:  THANK YOU.
17      GOOD MORNING TO YOU ALL.
18           MS. GILG:  AND YOUR HONOR, MAY I JUST, MR. KUBUROVICH
19   HAD A HEART ATTACK LAST WEEK AND HAD TWO STINTS PUT IN, SO MAY
20   HE SIT DOWN?
21           THE COURT:  I'M SORRY TO HEAR THAT.  AND YES, OF
22   COURSE, IF WE CAN MAKE ROOM FOR HIM THERE.
23        AND MS. KUBUROVICH, YOU MAY SIT TOO, IF YOU WISH.
24        IF YOU NEED TO CONSULT WITH YOUR ATTORNEY AT ANY POINT,
25   YOU MAY DO SO.  AND I WON'T BE CALLING UPON YOU TO SAY
```

```
11:47:55   1    ANYTHING.
11:47:55   2          AND FOR BOTH OF YOU, IT'S IMPORTANT TO KNOW THAT YOU HAVE
11:47:58   3    BEEN ADVISED OF YOUR RIGHT TO REMAIN SILENT.  AND THAT MEANS IF
11:48:00   4    YOU SAID SOMETHING DURING THE HEARING, THE THINGS THAT YOU SAID
11:48:04   5    COULD BE USED AGAINST YOU.
11:48:05   6          SO IT'S IN YOUR INTEREST TO ALLOW YOUR ATTORNEY TO MAKE
11:48:08   7    THE ARGUMENTS ON YOUR BEHALF.  HOWEVER, IF SHE NEEDS TO CONSULT
11:48:12   8    WITH YOU, OR IF YOU WISH TO CONSULT WITH HER, IF YOU WILL JUST
11:48:15   9    RAISE YOUR HANDS, I WILL PAUSE AND ALLOW YOU TO TALK WITH HER
11:48:18  10    IN A CONFIDENTIAL WAY SO YOU HAVE A CHANCE TO PARTICIPATE IN
11:48:21  11    THE HEARING, OKAY.
11:48:21  12          THE DEFENDANT:  THANK YOU.
11:48:22  13          THE COURT:  AND THE ISSUE BEFORE THE COURT IN THIS
11:48:30  14    CASE, AND MR. KUBUROVICH, THROUGH HIS ATTORNEY, JOINED IN THE
11:48:34  15    MOTIONS OF MS. KUBUROVICH, ARE TWO RELATED DISCOVERY REQUESTS.
11:48:40  16          ONE IS A RULE 16 REQUEST TO THE GOVERNMENT FOR DOCUMENTS
11:48:47  17    IN ITS POSSESSION, CUSTODY OR CONTROL, UNDER RULE 16, THE
11:48:52  18    FEDERAL RULES OF CRIMINAL PROCEDURE, FOR DOCUMENTS THAT WOULD
11:48:55  19    BE INDICATIVE OF VINDICTIVE PROSECUTION IN THIS CASE.
11:49:00  20          AND THEN SECONDLY, IS A RULE 17 SUBPOENA REQUEST TO THREE
11:49:06  21    AGENCIES OF THE STATE AND COUNTIES WITH THE SAME INFORMATION
11:49:10  22    REQUESTED THAT WOULD BE EVIDENCE OF VINDICTIVE PROSECUTION.
11:49:15  23          SO IT'S ASKING FOR THE SAME INFORMATION FROM TWO DIFFERENT
11:49:18  24    PLACES.  THE RULES IMPLICATED ARE RULE 16 AND RULE 17.  RULE 6,
11:49:25  25    TO THE EXTENT THE GRAND JURY MATERIALS REQUESTED, AS WELL
```

```
11:49:29   1    APPLIES.  AND SO THOSE ARE THE RELATED REQUESTS.
11:49:36   2         AND AS BOTH PARTIES ACKNOWLEDGE, AND I READ ALL THE
11:49:42   3    BRIEFS, THERE'S NOT TYPICALLY DISCOVERY OF EVIDENCE OF
11:49:45   4    VINDICTIVE PROSECUTION, IT'S A VERY PARTICULARIZED REQUEST THAT
11:49:50   5    ORDINARILY, AND THERE'S A PRESUMPTION THAT WHEN THE GOVERNMENT
11:49:53   6    DOES SOMETHING, IT'S NOT DOING IT FOR VINDICTIVE REASONS.  AND
11:49:57   7    SO THERE HAS TO BE A SHOWING, A LIKELIHOOD OF THIS, AND THERE
11:50:03   8    HAS TO BE SOME EVIDENCE ABOUT IT.  WHETHER IT'S COMING FROM THE
11:50:08   9    GOVERNMENT OR SOMEBODY ELSE, I NEED TO HAVE A BASIS TO ORDER
11:50:11  10    THAT.
11:50:11  11         SO REALLY IT'S THE SAME, LOOKING AT THE SAME EVIDENCE AT
11:50:15  12    BOTH REQUESTS, AND IT'S POSSIBLE I COULD ORDER IT JUST FROM THE
11:50:18  13    GOVERNMENT OR JUST FROM A THIRD PARTY.  BUT REALLY, THE
11:50:20  14    STARTING POINT IS TO SEE IF THERE'S EVIDENCE OF VINDICTIVE
11:50:24  15    PROSECUTION.  AND THAT'S WHY WE ARE HERE.
11:50:27  16         AND BEFORE I HEAR WHAT THE EVIDENCE IS THAT THE DEFENSE
11:50:30  17    HAS, MR. FRY THANK YOU FOR BEING HERE AND CONGRATULATIONS, YOUR
11:50:37  18    TIME IS SHORT, AND THANK YOU FOR YOUR SERVICE AND FOR BEING
11:50:39  19    HERE ON SHORT NOTICE.
11:50:40  20         I DENIED THE REQUEST FOR A CONTINUANCE NOT OUT OF
11:50:44  21    VINDICTIVENESS TOWARDS YOU, BUT I THOUGHT IT WAS IMPORTANT,
11:50:47  22    GIVEN THE REQUEST FROM THE DEFENSE AND THE CHARGES OF
11:50:51  23    VINDICTIVENESS, THAT YOU BE HERE TO RESPOND, THAT ANOTHER
11:50:55  24    PROSECUTOR COMING IN NEXT MONTH, WOULD NOT BE IN THE SAME
11:50:57  25    POSITION, FACTUALLY, TO RESPOND TO THE EVIDENCE THAT THEY
```

| | | |
|---|---|---|
| 11:51:00 | 1 | PRESENT. |
| 11:51:01 | 2 | AND SO WHETHER IT'S YOU OR SOMEONE THAT YOU PASSED THE |
| 11:51:06 | 3 | CASE TO, I THOUGHT BETTER TO HAVE THAT CONVERSATION WHILE YOU |
| 11:51:09 | 4 | ARE HERE RATHER THAN AFTER YOU HAVE DEPARTED, AND MAYBE THE |
| 11:51:12 | 5 | INFORMATION IS LOST.  SO THAT'S THE SPIRIT IN WHICH I'VE CALLED |
| 11:51:15 | 6 | YOU HERE TODAY. |
| 11:51:16 | 7 | ANY UPDATE FROM THE GOVERNMENT AS TO WHO WILL BE YOUR |
| 11:51:19 | 8 | SUCCESSOR ON THIS CASE? |
| 11:51:21 | 9 | MR. FRY:  NO, THERE IS NOT. |
| 11:51:23 | 10 | THE COURT:  ALL RIGHT.  I'M GLAD YOU ARE HERE TO |
| 11:51:26 | 11 | ADDRESS IT YOURSELF. |
| 11:51:30 | 12 | SO THE FACTS, AS I READ THEM IN THE PAPERS, ARE THAT THERE |
| 11:51:36 | 13 | WAS A STATE COURT PROSECUTION, AND THE CORE OF YOUR ASSERTION |
| 11:51:39 | 14 | THAT THERE'S SOME EVIDENCE OF VINDICTIVENESS, IS THAT THIS |
| 11:51:43 | 15 | FEDERAL PROSECUTION CAME AFTER THAT STATE COURT PROCEEDING |
| 11:51:48 | 16 | RESULTED IN YOUR CLIENT AND MR. KUBUROVICH BEING SUCCESSFUL IN |
| 11:51:53 | 17 | THEIR DEFENSE. |
| 11:51:54 | 18 | AND YOUR THEORY OF THE VINDICTIVENESS IS THAT THIS FEDERAL |
| 11:51:59 | 19 | CASE FOLLOWED THAT STATE PROCEEDING, BUT THE FEDERAL GOVERNMENT |
| 11:52:02 | 20 | KNEW BEFORE THEN THAT IT COULD HAVE BROUGHT THIS CHARGE, AND |
| 11:52:06 | 21 | THE FACT THAT IT DIDN'T BRING IT EARLIER IS SUGGESTIVE, BY NOT |
| 11:52:09 | 22 | BRINGING IT BEFORE, THEY ARE BRINGING IT NOW, THAT IT MUST BE |
| 11:52:13 | 23 | RETALIATORY. |
| 11:52:13 | 24 | AND YOU DON'T HAVE TO PROVE THAT THERE'S A BAD FAITH |
| 11:52:17 | 25 | INTENTION FROM THE PROSECUTORS OR THE AGENTS TO GET THIS |

```
11:52:23   1    DISCOVERY, BUT THAT WOULD BE ONE WAY TO HAVE IT.  BUT YOU DON'T
11:52:26   2    HAVE EVIDENCE OF THAT.  IT'S REALLY THE SUGGESTION OF TIMING.
11:52:31   3         BUT PART OF THE COURT'S ANALYSIS OF THE VINDICTIVENESS IS
11:52:35   4    ALSO JUST TO LOOK AT WHAT THE EVIDENCE IN THE CASE IS, AND ALSO
11:52:39   5    TO INQUIRE AS TO, HAVE OTHER PEOPLE IN THE SAME SITUATION BEEN
11:52:43   6    CHARGED WITH THIS OFFENSE OR NOT.
11:52:46   7         SO THE PARTIES HAVE EACH GIVEN ME QUITE A BIT OF FACTUAL
11:52:49   8    PROFFER AS TO WHAT THE EVIDENCE SUPPORTING THE CHARGE IS AND
11:52:54   9    WHAT THE DEFENSE VIEW THAT THE EVIDENCE IS NOT STRONG AND THIS
11:52:58  10    IS REALLY SOMETHING ELSE, IT'S A RETALIATORY INDICTMENT.
11:53:04  11         MS. GILG, I'M GOING TO START WITH YOU.  SUMMARIZE WHAT YOU
11:53:08  12    THINK IS EVIDENCE.  AND I'M TELLING YOU WHAT IS NOT EVIDENCE,
11:53:11  13    SAYING THAT YOU BELIEVE THERE WAS A MEMO DECLINING PROSECUTION
11:53:14  14    BEFORE, THAT'S NOT EVIDENCE.
11:53:16  15              MS. GILG:  RIGHT.
11:53:16  16              THE COURT:  THAT'S SPECULATION, AND I CAN'T -- I'M
11:53:18  17    NOT GOING TO GRANT YOUR MOTION BASED ON SPECULATION.
11:53:21  18         SO I REALLY NEED TO KNOW WHAT THE EVIDENCE IS THAT
11:53:24  19    ESTABLISHES -- YOU DON'T HAVE TO PROVE VINDICTIVENESS, BUT A
11:53:29  20    LIKELIHOOD THAT IT'S WHAT'S GOING ON HERE IN ORDER FOR ME TO
11:53:32  21    GRANT YOUR REQUEST.  SO TELL ME WHAT THAT IS.
11:53:35  22              MS. GILG:  AND I APPRECIATE THAT, YOUR HONOR.
11:53:35  23         AND AGAIN, WE ARE DEALING WITH THE DISCOVERY PHASE OF THIS
11:53:38  24    MOTION.  AND SO IN THAT REGARD, WE DON'T BELIEVE THAT THIS
11:53:46  25    EVIDENCE IS JUST GOING TO BE THE END OF IT.
```

```
11:53:48   1            BUT THAT BEING SAID, I THINK THAT THE -- THERE'S THREE
11:53:52   2   COMPONENTS OF OUR CLAIM.  ONE IS THE TIMING, AND THE LACK OF
11:53:58   3   EXPLANATION FOR THE TIMING.
11:53:59   4            WE HAVE AN INDICTMENT WHICH OCCURS SIX YEARS AFTER THE
11:54:04   5   EVENTS LEADING TO THE CHARGES, THE STATEMENTS THAT WERE MADE IN
11:54:08   6   THE BANKRUPTCY COURT, FOUR YEARS AFTER ALL OF THE INFORMATION
11:54:13   7   THAT HAS BEEN PRESENTED TO THE DEFENSE THROUGH DISCOVERY WAS
11:54:18   8   OBTAINED.
11:54:19   9            SO FOUR YEARS AGO, THE GOVERNMENT HAD THIS.  BUT 11 WEEKS
11:54:22  10   AFTER THE ACQUITTALS, I MEAN, THAT'S THE TIMING.  IT'S VERY
11:54:27  11   SUSPICIOUS IN AND OF ITSELF.
11:54:28  12            THAT BEING SAID, AND WE HAVE NO EXPLANATION OTHER THAN OH,
11:54:32  13   IT'S A COINCIDENCE, AN INNOCENT COINCIDENCE THAT WE BROUGHT THE
11:54:37  14   CHARGES 11 WEEKS AFTER THE -- WE FAILED TO BRING IT FOR SIX
11:54:41  15   YEARS, FOUR YEARS, BUT WE BROUGHT IT 11 WEEKS.  I THINK THAT
11:54:45  16   NEEDS TO BE EXPLAINED.  AND PART OF THE VINDICTIVE PROSECUTION
11:54:48  17   MOTION, WHEN WE ACTUALLY HAVE THE MOTION, WILL BE ASKING FOR
11:54:51  18   THE GOVERNMENT TO EXPLAIN THAT TIMING ISSUE.
11:54:53  19            I'VE NEVER SEEN SUCH A GLARING TIMING IN ANY OF THE CASES
11:54:58  20   THAT WE HAVE REVIEWED.
11:54:59  21            THE NEXT ONE IS THAT WE ACTUALLY HAVE EVIDENCE OF
11:55:03  22   COOPERATION BETWEEN THE STATE AND LOCAL GOVERNMENTS.  AS A
11:55:06  23   MATTER OF FACT -- I MEAN THE STATE AND FEDERAL GOVERNMENT.
11:55:08  24            AS A MATTER OF FACT, THE MAIN AGENT WHO HAD PRODUCED ALL
11:55:12  25   OF THE EVIDENCE BACK IN 2012 FOR THE U.S. ATTORNEY'S OFFICE,
```

| | | |
|---|---|---|
| 11:55:17 | 1 | WAS A CNET AGENT. |
| 11:55:19 | 2 | IN OTHER WORDS, ONE OF THE SANTA CLARA COUNTY NARCOTICS |
| 11:55:22 | 3 | ENFORCEMENT TASK FORCE.  SHE WAS WORKING ON THE <u>MEDILEAF</u> CASE |
| 11:55:29 | 4 | WHICH IS THE CASE THAT THAT WAS -- WHERE THE ACQUITTALS WERE. |
| 11:55:33 | 5 | SO THIS AGENT WAS WORKING SIDE-BY-SIDE, AND CONTINUES TO |
| 11:55:36 | 6 | WORK SIDE-BY-SIDE WITH THE UNITED STATES ATTORNEY'S OFFICE IN |
| 11:55:42 | 7 | PASSING ON INFORMATION WHICH THEY HAD ALL IN 2012, BUT HAD USED |
| 11:55:49 | 8 | TO BRING THE CHARGES IN 2016. |
| 11:55:51 | 9 | AND NOT ONLY WAS THIS AGENT INSTRUMENTAL, BUT WE ALSO HAVE |
| 11:55:56 | 10 | IN THE DISCOVERY, DOCUMENTS -- FBI 302'S THAT DOCUMENT |
| 11:56:03 | 11 | COMMUNICATIONS BETWEEN DEPUTY DISTRICT ATTORNEY CHAN, WHO |
| 11:56:09 | 12 | PROVIDED A LOT OF INFORMATION TO THE GOVERNMENT, THIS WAS ONE |
| 11:56:13 | 13 | OF THE EARLY DEPUTY DISTRICT ATTORNEYS BEFORE I GOT IN ON THE |
| 11:56:18 | 14 | CASE, OR I THINK IT WAS ON THE OTHER CASE FOR MR. KUBUROVICH. |
| 11:56:21 | 15 | SO WE HAVE DEPUTY DISTRICT ATTORNEY CHAN SENDING DOCUMENTS |
| 11:56:25 | 16 | AND INFORMATION TO THE U.S. ATTORNEY'S OFFICE.  AND WE HAVE |
| 11:56:28 | 17 | DEPUTY DISTRICT ENGIN, WHO WAS THE TRIAL ATTORNEY FOR OUR CASE, |
| 11:56:33 | 18 | THE <u>MEDILEAF</u> CASE, SENDING INFORMATION TO THE PROSECUTION. |
| 11:56:36 | 19 | SO WE ACTUALLY HAVE COMMUNICATIONS BETWEEN THE TWO |
| 11:56:38 | 20 | ENTITIES, WHICH IS NOT YOUR TYPICAL SITUATION WHERE YOU CAN |
| 11:56:43 | 21 | PROVE THAT THERE WAS COORDINATION. |
| 11:56:45 | 22 | AND WE HAVE INFORMATION THAT, AGAIN, DEMONSTRATES THAT THE |
| 11:56:48 | 23 | TIMING OF THIS INDICTMENT IS SUSPECT. |
| 11:56:52 | 24 | THEN WE GO INTO, YOU KNOW, THE THIRD ELEMENT WHICH IS |
| 11:56:56 | 25 | WHETHER OR NOT THE -- WITH REGARD TO THE WEAKNESS OR THE |

| | | |
|---|---|---|
| 11:57:03 | 1 | STRENGTHS OF THE CASE.  AND YOU KNOW, I THINK THAT WE'VE SPENT |
| 11:57:07 | 2 | A LOT OF TIME LITIGATING ON BOTH SIDES IN OUR BRIEFS WHETHER OR |
| 11:57:14 | 3 | NOT THERE IS, IN FACT, A BASIS FOR BRINGING THIS PROSECUTION. |
| 11:57:18 | 4 | AND MR. FRY CITES TO FOUR CASES, TWO ARE BANKRUPTCY CASES |
| 11:57:25 | 5 | AND TWO ARE CRIMINAL CASES, AND THE CRIMINAL CASES INVOLVE |
| 11:57:28 | 6 | TRANSFERS TO WIVES OF THE BANKRUPT DEFENDANT WHO BECOMES A |
| 11:57:36 | 7 | DEFENDANT LATER FOR FAILING TO DISCLOSE PROPERTY THAT WAS |
| 11:57:42 | 8 | TRANSFERRED TO WIVES.  AND I THINK THAT WHAT IS REALLY |
| 11:57:45 | 9 | GLARINGLY INTERESTING ABOUT THOSE CASES IS THAT THOSE WIVES |
| 11:57:48 | 10 | WERE NOT PROSECUTED. |
| 11:57:51 | 11 | WHY IS MY CLIENT, I MEAN, EVEN IF YOU COULD MUSTER UP |
| 11:57:54 | 12 | ENOUGH EVIDENCE FOR MR. KUBUROVICH, WHY IS MY CLIENT KRISTEL |
| 11:57:59 | 13 | KUBUROVICH, WHO WAS 19 YEARS OLD AT THE TIME THAT SHE GOT THIS |
| 11:58:01 | 14 | PROPERTY.  I MEAN, SHE WAS SUPPOSED TO ANTICIPATE THAT |
| 11:58:04 | 15 | 18 MONTHS LATER, HER FATHER WOULD FILE FOR BANKRUPTCY? |
| 11:58:07 | 16 | AND WE HAVE THE STATE COURT, YOU KNOW, SAYING THAT THIS |
| 11:58:12 | 17 | POOR GIRL GAVE UP ALL OF HER INHERITANCE.  I MEAN, THIS IS THE |
| 11:58:15 | 18 | EVIDENCE THAT THEY HAVE AGAINST MY CLIENT.  AND THAT MEANS NO |
| 11:58:18 | 19 | EVIDENCE AGAINST MY CLIENT. |
| 11:58:21 | 20 | AND THAT DEMONSTRATES, IF THEY HAD ONLY BROUGHT THESE |
| 11:58:24 | 21 | CHARGES AGAINST MR. KUBUROVICH, THEY MAY HAVE HAD A STRONGER |
| 11:58:27 | 22 | ARGUMENT WITH REGARD TO VINDICTIVE.  BUT BRINGING IT AGAINST |
| 11:58:32 | 23 | KRISTEL, THAT ESTABLISHES, I THINK BEYOND QUESTION, A |
| 11:58:36 | 24 | LIKELIHOOD OF VINDICTIVENESS. |
| 11:58:38 | 25 | SO I WOULD ASK THE COURT TO GRANT THE DISCOVERY REQUEST SO |

| | | |
|---|---|---|
| 11:58:45 | 1 | THAT WE CAN BOLSTER WHAT I THINK IS ALREADY A FAIRLY STRONG |
| 11:58:49 | 2 | CASE OF VINDICTIVENESS. |
| 11:58:50 | 3 | THE COURT: ALL RIGHT. THANK YOU. |
| 11:58:51 | 4 | MR. FRY, YOU CAN RESPOND TO ALL THE ARGUMENTS, BUT I |
| 11:58:54 | 5 | THINK, AGAIN, THE STRONGEST SUGGESTION IS JUST THE TIMING, THAT |
| 11:59:00 | 6 | IT WAS THE 11 WEEKS LATER THAT IT CAME DOWN. |
| 11:59:03 | 7 | IT'S NOT THE GOVERNMENT'S BURDEN, TYPICALLY, IN AN |
| 11:59:05 | 8 | INDICTMENT TO EXPLAIN WHY, BUT THERE'S A CHARGE MADE HERE BY |
| 11:59:08 | 9 | THE DEFENSE THAT THE TIMING IS INDICATIVE OF VINDICTIVENESS. |
| 11:59:13 | 10 | TELL ME WHY IT'S NOT. |
| 11:59:14 | 11 | MR. FRY: WELL, YOUR HONOR, FIRST OF ALL, I WOULD |
| 11:59:15 | 12 | NOTE THAT 11 WEEKS, THAT'S ALMOST THREE MONTHS, THAT'S PLENTY |
| 11:59:19 | 13 | OF TIME IF THERE HAD BEEN HOT TEMPERS OVER -- THAT'S PLENTY OF |
| 11:59:26 | 14 | TIME FOR THEM TO COOL DOWN. I WOULD JUST NOTE THAT BEFORE WE |
| 11:59:30 | 15 | START. |
| 11:59:30 | 16 | THE TIMING, YOUR HONOR, I PERSONALLY INDICTED THIS CASE |
| 11:59:32 | 17 | WHEN IT WAS READY TO BE INDICTED. WE WERE WORKING ON IT BEFORE |
| 11:59:36 | 18 | THE ACQUITTAL. I CANNOT RECALL ALL OF THE PREPARATION WE WERE |
| 11:59:39 | 19 | INVOLVED IN, BUT I RECALL AT ONE POINT I CONSIDERED DOING AN |
| 11:59:45 | 20 | INLET TO LIECHTENSTEIN. THERE WAS A CHANGE IN CASE AGENTS AND |
| 11:59:50 | 21 | THEY EVENTUALLY CONVINCED ME THAT THAT WAS NOT NECESSARY, BUT |
| 11:59:54 | 22 | THAT WAS PART OF WHAT HAPPENED, AND ONLY PART. |
| 11:59:57 | 23 | I INDICTED IT WHEN I WAS READY TO INDICT IT. AND THE |
| 12:00:01 | 24 | SUGGESTION THAT I WAS, WELL, WE, WERE SOMEHOW FRUSTRATED BY OUR |
| 12:00:10 | 25 | LEGAL INABILITY TO PURSUE MEDICAL MARIJUANA CASES, IS JUST |

```
12:00:12   1    SILLY.
12:00:13   2         IF YOU WANT TO TALK ABOUT MY PERSONAL BELIEFS ON THAT, I
12:00:18   3    WAS IN FULL THROW SUPPORT OF NOT WASTING DEPARTMENT OF JUSTICE
12:00:23   4    RESOURCES PURSUING MEDICAL MARIJUANA CASES.  SO THERE WAS NO
12:00:27   5    FRUSTRATION THERE.
12:00:28   6         THE FACT THAT THE SUGGESTION -- WELL, YOUR HONOR, THE
12:00:36   7    DEFENSE IS TRYING TO MANUFACTURE OUT OF TIMING AND OUT OF
12:00:43   8    ROUTINE COOPERATION BETWEEN FEDERAL AND STATE AUTHORITIES, SOME
12:00:49   9    GRAND CONSPIRACY.
12:00:50  10         AND THAT'S WHAT THIS IS, YOUR HONOR, THIS IS NOTHING BUT A
12:00:54  11    CONSPIRACY THEORY.  THIS IS THE EQUIVALENT OF SAYING WE DIDN'T
12:00:58  12    REALLY LAND ON THE MOON, AND THAT THE PROOF IS THAT THE FLAG
12:01:04  13    WAVED IN THE WIND.
12:01:06  14         IF THE COURT GRANTS THE MOTION ON THESE FACTS, I FEAR THAT
12:01:09  15    THE COURT WILL HAVE TO GRANT THE MOTION ON ANY CASE THAT COMES
12:01:14  16    BEFORE THE COURT.
12:01:17  17         WHAT THEY DO, THE DEFENDANTS GUESS WITHOUT EVIDENCE, THAT
12:01:22  18    IT'S BECAUSE WE WERE FRUSTRATED BY OUR OWN LEGAL INABILITY TO
12:01:26  19    PURSUE THE MEDICAL MARIJUANA CASES.  BUT THEY ALSO GUESS WITH
12:01:29  20    THAT EVIDENCE THAT WE WERE "OUTRAGED BY THE STATE JURY'S
12:01:34  21    ACQUITTAL."
12:01:35  22         THAT'S SIMPLY UNTRUE.  I WAS PLANNING TO INDICT THE CASE
12:01:37  23    BEFORE THE ACQUITTAL.  AND I DID INDICT THE CASE ALMOST THREE
12:01:40  24    MONTHS AFTER THE ACQUITTAL.
12:01:42  25              THE COURT:  ONE PROCEDURAL ISSUE BEFORE I GO BACK TO
```

```
12:01:45   1        THE DEFENSE.
12:01:47   2            ARGUABLY, THE SUBPOENA REQUESTED OR REQUESTS VICTIM
12:01:51   3   INFORMATION.  SO IT'S A REMINDER THAT YOU HAVE AN OBLIGATION TO
12:01:58   4   NOTIFY THE CRIME VICTIMS, IF YOU ALREADY HAVE, HAVE YOU GIVEN
12:02:02   5   VICTIMS NOTICE OF THESE PROCEEDINGS?
12:02:04   6            MR. FRY:  NO, WE HAVEN'T, YOUR HONOR, BUT WE WILL DO
12:02:06   7   SO.
12:02:07   8        IT TAKES, GENERALLY, ABOUT A WEEK FOR THE NOTICE TO GO
12:02:09   9   OUT.  AND THEN THE THREE OR FOUR DAYS FOR THE MAIL TO REACH THE
12:02:14  10   VICTIMS, THE HOLIDAY SEASON WILL DELAY THAT SOMEWHAT.
12:02:19  11            THE COURT:  ALL RIGHT.
12:02:19  12        I WILL JUST MERELY SAY, I REMIND YOU OF YOUR OBLIGATION TO
12:02:22  13   NOTIFY CRIME VICTIMS OF THE PROCEEDING.
12:02:24  14            MR. FRY:  THANK YOU, YOUR HONOR.
12:02:25  15            THE COURT:  ANYTHING FURTHER IN SUPPORT OF THE
12:02:26  16   MOTION?
12:02:27  17            MS. GILG:  YES, YOUR HONOR.
12:02:28  18        I APPRECIATE MR. FRY'S BELIEFS ON MARIJUANA, AND I
12:02:33  19   APPRECIATE HIS SAYING THAT HE PERSONALLY HAD NO VINDICTIVE
12:02:38  20   THOUGHTS, AND I'M NOT ACCUSING HIM OF THAT.  I DON'T HAVE TO
12:02:41  21   ACCUSE HIM OF THAT.  I DON'T HAVE TO GET INSIDE HIS MIND AND
12:02:44  22   DECIDE THAT HE SAT THERE AND GOES, I CAN'T BELIEVE THESE PEOPLE
12:02:47  23   GOT OFF.  I'M GOING TO GET THEM SOMEHOW.  THAT'S NOT WHAT WE
12:02:51  24   HAVE TO PROVE.
12:02:52  25            WHAT WE HAVE TO PROVE IS THAT THERE WAS AN APPEARANCE OF
```

```
12:02:54   1        IMPROPRIETY.  THERE'S AN APPEARANCE OF VINDICTIVENESS.
12:02:58   2              AND WHEN YOU TAKE A CASE THAT ALL OF THE EVIDENCE WAS
12:03:00   3        PROVIDED TO THE PROSECUTION FOUR YEARS PRIOR TO THE INDICTMENT
12:03:05   4        AND THAT THE INDICTMENT DOESN'T COME DOWN UNTIL 11 WEEKS AFTER
12:03:08   5        THE ACQUITTAL, THAT ALONE IS AN APPEARANCE OF VINDICTIVENESS.
12:03:12   6              BUT WE DON'T EVEN HAVE TO JUST RELY ON THAT.  WE HAVE THIS
12:03:16   7        COOPERATION.  THIS IDEA THAT THIS IS A CONSPIRACY THEORY,
12:03:20   8        EQUIVALENT TO THE MOON LANDING, NO, WE POINTED TO DOCUMENTS
12:03:24   9        THAT WERE PROVIDED IN THE DISCOVERY WHICH SHOW A CLOSE
12:03:28  10        RELATIONSHIP AND AN URGING OF THE STATE PROSECUTORS TO GETS THE
12:03:32  11        FEDERAL GOVERNMENT TO PURSUE THIS CASE.
12:03:34  12              AND THEY DID SO USING DOCUMENTS THAT WERE SEIZED FROM
12:03:37  13        THESE INDIVIDUALS IN THE MEDILEAF INVESTIGATION THAT WERE
12:03:41  14        SEIZED PURSUANT TO STATE SEARCH WARRANTS THAT WERE TURNED OVER
12:03:44  15        TO THE FEDERAL GOVERNMENT WITHOUT EVEN GETTING AUTHORIZATION
12:03:46  16        FROM THE STATE COURTS, WHICH THEY ARE SUPPOSED TO DO.
12:03:49  17              SO THEY WERE VIOLATING THEIR OWN RULES IN ORDER TO GET
12:03:52  18        INFORMATION TO THE U.S. ATTORNEY'S OFFICE.  THE U.S. ATTORNEY'S
12:03:54  19        OFFICE DID NOT PURSUE IT.  CONTINUED NOT TO PURSUE IT FOR NOT
12:03:58  20        ONE, NOT TWO, NOT THREE, BUT FOUR YEARS.  AND THEN THEY BRING
12:04:02  21        AN INDICTMENT AGAINST MY CLIENT.
12:04:05  22              AND THAT'S, YOU KNOW, CRITICAL.  THEY BRING AN INDICTMENT
12:04:08  23        AGAINST KRISTEL KUBUROVICH, WHO CLEARLY -- THAT'S A WEAK CASE.
12:04:12  24        I MEAN, I'M NOT GOING TO SAY THAT WE ARE GOING TO WIN FOR SURE,
12:04:15  25        BUT THAT'S A VERY WEAK CASE TO ATTRIBUTE TO A 19-YEAR OLD GIRL,
```

```
12:04:19   1    WHOSE INHERITANCE IS USED TO PURCHASE THE FAMILY HOME, WHICH IS
12:04:24   2    LOST AND ENCUMBERED PRIOR TO THE FILING OF THE INDICTMENT -- I
12:04:29   3    MEAN, OF THE BANKRUPTCY PETITION, AND TO ATTRIBUTE THAT TO HER.
12:04:36   4         AND I DIDN'T EVEN BRING THIS UP, BUT DURING THE TIME WHEN
12:04:39   5    WE HAD THE GREAT RECESSION, SHE GETS THE MONEY BEFORE THE GREAT
12:04:46   6    RECESSION, THE GREAT RECESSION HITS.  SHE GETS THE MONEY BEFORE
12:04:49   7    MEDILEAF HITS THE STONE WALL IN THE CITY OF GILROY AND THEY END
12:04:55   8    UP BLEEDING MONEY FROM MEDILEAF IN ORDER TO REMAIN OPEN.
12:04:58   9         SO AGAIN, YOUR HONOR, THIS IS NOT JUST THE FLAG ON THE
12:05:02  10    MOON HERE.  WE HAVE SOLID EVIDENCE.
12:05:04  11              THE COURT:  ALL RIGHT.  THANK YOU.
12:05:07  12              MR. FRY:  YOUR HONOR --
12:05:07  13              THE COURT:  I'M READY TO RULE.  JUST A FEW COMMENTS
12:05:11  14     FIRST.
12:05:11  15         THIS IS NOT THE TRIAL.  AND THE STRENGTH AND WEAKNESSES OF
12:05:15  16    THE EVIDENCE IS A CONSIDERATION OF THE COURT IN EVALUATING THE
12:05:21  17    LIKELIHOOD OF VINDICTIVENESS, BUT IT'S NOT THE TRIAL, AND MY
12:05:24  18    RULING HERE DOES NOT -- IS NOT THE FINAL WORD ON THAT.
12:05:31  19         SOME OF THE ARGUMENTS ARE WELL MADE AT TRIAL, AND WHAT I'M
12:05:34  20    RULING HERE IS NOT GOING TO PREVENT YOU FROM MAKING THOSE
12:05:37  21    ARGUMENTS AT TRIAL.  IF THE EVIDENCE IS WEAK, THE JURY WILL,
12:05:40  22    AND THE TRIAL JUDGE WILL HAVE A CHANCE TO EVALUATE THAT.
12:05:42  23         THE ISSUE BEFORE ME IS ONE OF DISCOVERY, AND BOTH PARTIES
12:05:47  24    CAN OBJECT TO MY RULING WITHIN 14 DAYS TO THE TRIAL JUDGE IF
12:05:51  25    I'VE MADE AN ERROR.
```

```
12:05:52   1              THE STANDARD IS UNDER THE ONE 1985 MERCEDES CASE, AND AS I
12:05:58   2    SAID AT THE BEGINNING, THE CONCERNS ARE RULE 16 AND RULE 17.
12:06:02   3              BUT ALSO, THE ISSUE OF DUE PROCESS IS ESSENTIAL AND
12:06:05   4    UNDERLYING BOTH OF THOSE RULES.
12:06:07   5              APPLYING IT HERE, I'M NOT PERSUADED BY THE DEFENSE
12:06:10   6    EVIDENCE THAT THERE IS A PRIMA FACIE SHOWING OF A LIKELIHOOD OF
12:06:15   7    VINDICTIVENESS BY SOME EVIDENCE INTENDING TO SHOW THE ESSENTIAL
12:06:20   8    ELEMENTS OF THE DEFENSE.  THAT'S THE STANDARD FROM THE CASE.
12:06:22   9              AND HERE, THERE'S NO EVIDENCE OF IMPERMISSIBLE MOTIVE.
12:06:27  10    THERE'S SUGGESTIONS THAT THE TIMING IS INDICATIVE OF THAT, BUT
12:06:31  11    THERE'S NOT ACTUAL EVIDENCE OF IMPERMISSIBLE MOTIVE ON BEHALF
12:06:35  12    OF THE PROSECUTION OR ITS ORGANIZATIONS.
12:06:36  13              THERE'S NO EVIDENCE THAT OTHERS, SIMILARLY SITUATED, HAVE
12:06:39  14    NOT BEEN PROSECUTED IN THIS SITUATION.
12:06:41  15              THE BEST ARGUMENT IS THE TIMING, THE 11 WEEKS AS TO WHEN
12:06:45  16    THE INDICTMENT TOOK PLACE AFTER THE STATE COURT ACTIONS.  AND
12:06:51  17    SECONDARILY, THE OVERLAP IN THE INVESTIGATIVE TEAMS.
12:06:53  18              AND THAT'S WHAT MAKES THIS A CLOSE CALL.  BUT I'M -- THERE
12:06:58  19    HAS TO BE MORE THAN JUST A SCENT OF VINDICTIVENESS, THERE HAS
12:07:01  20    TO BE SOME EVIDENCE SUGGESTING THE LIKELIHOOD OF THAT.  AND I'M
12:07:06  21    NOT PERSUADED THAT JUST THE 11-WEEK TIME PERIOD WITHOUT
12:07:10  22    SOMETHING STRONGER, SHOULD LEAD ME TO PERMIT THIS DISCOVERY.
12:07:15  23              SO RESPECTFULLY, THE REQUEST FOR BOTH THE RULE 16 AND
12:07:19  24    RULE 17 DISCOVERY IS DENIED.
12:07:22  25              THE GOVERNMENT STILL HAS THE CONSTITUTIONAL OBLIGATION
```

```
12:07:25   1   UNDER BRADY AND OTHER RULES OF DISCLOSURE, THAT IF IT POSSESSES
12:07:29   2   EXCULPATORY INFORMATION IN ITS FILES, IT STILL MUST PROVIDE
12:07:33   3   THAT INFORMATION TO THE DEFENSE.
12:07:34   4          SO I'M NOT SAYING THAT THIS IS SOME SORT OF IMMUNITY FROM
12:07:37   5   THE GOVERNMENT OF NOT SEARCHING ITS FILES FOR THINGS THAT
12:07:40   6   SHOULD BE TURNED OVER, BUT AS FAR AS THE PARTICULAR REQUEST TO
12:07:43   7   GET INTO THE THIRD PARTIES, I DON'T FIND THE DEFENSE HAS MET
12:07:48   8   ITS BURDEN.
12:07:49   9          THAT'S MY RULING.
12:07:50  10          THANK YOU VERY MUCH.
12:07:50  11              MS. GILG:  THANK YOU, YOUR HONOR.
12:07:51  12          HAPPY HOLIDAYS.
12:07:52  13              THE COURT:  YOU TOO.
12:07:54  14              MR. FRY:  THIS, IN ALL LIKELIHOOD, WILL TURN OUT TO
12:07:58  15   BE MY FINAL APPEARANCE REPRESENTING THE UNITED STATES OF
12:08:00  16   AMERICA, YOUR HONOR.
12:08:00  17              THE COURT:  CONGRATULATIONS, AND THANK YOU.
12:08:01  18              MR. FRY:  THANK YOU, YOUR HONOR.
12:08:02  19          (THE PROCEEDINGS WERE CONCLUDED AT 12:08 P.M.)
          20
          21
          22
          23
          24
          25
```

## **CERTIFICATE OF REPORTER**

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.

_____
SUMMER A. FISHER, CSR, CRR
CERTIFICATE NUMBER 13185                    DATED: 12/28/17