# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GOYKO GUSTAV KUBOROVICH and KRISTEL KUBOROVICH,<br><br>    Defendants. | Case No. 16-cr-00373 EJD (NC)<br><br>ORDER DENYING DEFENSE MOTIONS FOR DISCOVERY ON VINDICTIVE PROSECUTION<br><br>Re: ECF 39, 41 |

    This order summarizes the Court's ruling on defendant Kristel Kuborovich's two related motions for discovery as to vindictive prosecution. ECF 39, 41. Mr. Kuborovich joined in both motions. ECF 42.

    In the first motion, defendants sought disclosure from the prosecution under Fed. R. Crim. P. 16. In the second motion, defendants sought the same categories of information under Fed. R. Crim. P. 17 from three third-party law enforcement agencies, the Gilroy Police Department, the Santa Clara County Sheriff, and Santa Clara County District Attorney.

    The Court DENIES both motions.

    The prosecution has broad but not unfettered discretion to investigate and charge criminal offenses. *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (9th Cir. 1990).

Case No. 16-cr-00373 EJD (NC)

In only limited circumstances, individuals have the right to pursue discovery to support a claim of vindictive prosecution. The Ninth Circuit has established that a criminal defendant has to establish a "prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense." *Id.* To succeed on a claim of selective prosecution, the defendant has a two-part burden, both to establish (1) "that others similarly situated have not been prosecuted" and (2) "that the allegedly discriminatory prosecution . . . was based on an impermissible motive." *Id.* at 420.

In this case, the defendants have not shown evidence of impermissible motive. They also have not shown evidence that others similarly situated have not been prosecuted. Their best evidence is circumstantial evidence that their indictment in this case followed by 11 weeks their acquittal of state charges. Yet the Court is not persuaded that this timing establishes the "likelihood of vindictiveness" that *One 1985 Mercedes* requires. The discovery motions are therefore DENIED.

Any party may object to this discovery ruling, but must do so within 14 days of being served. Fed. R. Crim. P. Rule 59(a).

IT IS SO ORDERED.

Date: December 22, 2017

_____
Nathanael M. Cousins
United States Magistrate Judge