ZENIA K. GILG, SBN 171922
Sausalito Plaza
1505 Bridgeway, Suite 103
Sausalito, CA 94965
Telephone: 415.324.7071
Facsimile: 415.324.7078
Email: zenia@jacksonsquarelaw.com

Attorney for Defendant
KRISTEL KUBUROVICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 16 00373-EJD |
| Plaintiff, | REPLY TO UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT |
| v. | |
| GOYKO GUSTAV KUBUROVICH and KRISTEL KUBUROVICH, | |
| Defendants. | Date: August 27, 2018<br>Time: 3:30 p.m.<br>Court: Hon. Edward J. Davila |

COMES NOW, defendant, KRISTEL KUBUROVICH, by and through counsel, and submits the following in response to United States Opposition to Defendants' Motion to Dismiss for Violation of the Speedy Trial Act (Doc. # 94), hereinafter referred to as "Opposition."[1]

**I. THE GOVERNMENT FAILS TO ADDRESS THE CENTRAL ISSUE RAISED IN DEFENDANTS' MOTION**

The Government's Opposition is nothing but hyperbole and subterfuge. By employing phrases such as "false and misleading argument," "gratuitous yet selective and misleading" and "selectively and deceptively" the Government hopes to avoid having to account for its own

---

[1] The Motion to Dismiss for Violation of the Speedy Trial Act will be referred to as "Motion" (Doc. #s 83 (Notice of Motion and Motion), 83-1 (Memorandum) and 83-2 (Declaration)) and the present brief will be referred to as "Reply."

Reply to Opp. Re: Motion to Dismiss STA

actions.

The prosecution fails to offer any explanations for how it is that five months after a continuance was obtained "in order for plea discussions to resume"[2] the offer was worse than that rejected by both defendants before agreeing to continue the trial. The prosecution also fails to explain how it is that despite needing time to discuss the various proposals with supervisors, once the offers were put in writing, and accepted by the defendants, those supervisors suddenly would not approve.[3]

While the Government may disagree with the defense accusation that they were "plea bargaining in bad faith" this inquiry is left to this Court to determine. Yet, rather then providing information which would aid in this determination, the Government seeks to discredit defense counsel. The prosecution's characterization the Motion as deceptive in representing the basis for the exclusion of time is frankly unbelievable, as it was the prosecutors themselves who prepared the stipulation in which each "whereas" provides that *additional time was needed* for "discussions" relative to a global resolution short of trial. (See, Doc # 80 at 1:23-2:5.) Only in the last "whereas" paragraph does it not reference the need for time to allow for "discussions"; however, this paragraph addresses the purpose for the requested "schedule," not the requested continuance. (*Id.* at 2:3-5 (essentially stating that if the trial is continued, this is the new schedule.) [4])

---

[2] See Motion, quoting email of March 2, 2018, where in addition to the language quoted, Mr. Simeon contends that he will need time to get approval for a path to resolution following the defendants' rejection of the previously offered disposition. (Doc. # 83-1 at 6:18-19.)

[3] See Motion, quoting email of March 6, 2018, where in response to Ms. Gilg's request to keep the pressure on, Mr. Simeon states: "I too would prefer to resolve this sooner than later. Please give me until the end of this week, perhaps the beginning of next week to *finish talking with my supervisor about my discussions with you and David, and then get back to you both with a proposed resolution*." (Doc. # 83-1 at 8:4-6 (emphasis added).) It is therefore obvious that the supervisor was involved in the discussions prior to the extension of offers later retracted.

[4] While the exclusion of time to September 11th was premised in part on availability of counsel, it was the understanding, that this was the next available trial date. (See, e.g., Opposition, Doc. #94 at 3:18-22, citing *United States v. Inostros-Sanchez,* No. 5:17-CR-

Reply to Opp. Re: Motion to Dismiss STA 2

In the Opposition the Government repeats a particular passage in the Motion to Dismiss which it calls deceptive:

> The defendants then proceed to selectively - and deceptively - quote the Court's order, ECF 80. *See* ECF 83-1 at 7 (arguing that "[p]ursuant to this Stipulation and Order, the basis for the delay was to allow necessary time [for] 'continuity of counsel' and 'effective preparation' *for plea negotiations" only*) (emphasis added).

(See Doc. # 94 at 2: 5-9.)[5]

First, it should be noted that the word "only" is not part of the quote as written in the Motion to Dismiss. (See, Doc. # 83-1 at 7:13-17.) Second, and more importantly, plea negotiations was the *only* reason the defense agreed to the continuance. This is evident not only on the face of the Stipulation and Order wherein all the "whereas" provisions forming the basis of the need for the continuance speak exclusively of plea discussions, but also on the face of the emails which make clear the defense was ready to go to trial and but for representations that the Government was going to attempt to proffer an acceptable resolution - or at least one improved on that which was rejected - the defendants would not stipulate to a continuance.

## II. CONTRARY TO THE GOVERNMENT'S ASSERTIONS THE DEFENSE DID NOT CAUSE DELAY

Remarkably, rather than address the issues raised by defendants' Motion (e.g., how could discussions with supervisors result in extending offers which after being accepted by defendants were rejected by the supervisors), the Government attempts to shift the blame for the delay on the defense.

First, the example presented in the Opposition which ostensibly supports the notion that

---

00203-LHK. The Government's Opposition fails to explain how it is this other case, which had been set for an estimated four day jury trial from June 18-25, 2018 before the Honorable Lucy H. Koh, impacted the scheduling in the present case. (See *Inostros-Sanchez, supra.* at Doc. # 10.) Although Mr. Simeon was also the attorney for the Government in *Inostros-Sanchez*, when he appeared on February 14, 2018, the case was set for a change of plea hearing. (*Id.* at Doc. # 12.) Subsequently, the defendant pled and the trial date was vacated. (*Id.* at Doc. # 15.)

[5] Ironically the Government characterizes defendants as being deceptive, however, when they quote from the text of the Stipulation and Order all the "Whereas" provisions are omitted and instead replaced with a "....". (See Opposition, Doc. #94 at 2:8-19.) In fact plea "discussions" are referred to six times in the Stipulation and Order, but the Government omits all references in selecting a portion of the quoted language. (See Doc. # 80.)

Reply to Opp. Re: Motion to Dismiss STA 3

the defense needed time for "adequate and effective preparation of counsel" and the "mutual schedules and availability of counsel" in truth supports an opposite finding. (See Doc. # 94 at 2:20-28.) Because while it is true that in the weeks and month leading up to the March 20, 2018 trial date, the attorney for defendant Goyko Kuburovich was unable to appear for many significant hearings, defendant was willing to forego his own attorney's appearance in order to assure necessary pretrial motions were heard and that such hearing *did not delay the trial date*.

Second, the reference to the additional discovery turned over on February 16 and 23 is spurious since the defense made clear no continuance would be requested based on its untimely production.

Third, what the Government fails to include about the "suggestion" made by Ms. Gilg regarding filing a motion to continue due to the change in prosecutors is that she clearly stated she would object to such a motion.[6] Further, time could not be excluded based on the Government counsel's need to prepare since the Speedy Trial Act explicitly precludes a "continuance for lack of diligent preparation or failure to obtain witnesses on the part of the Attorney for the Government." (See *§ 3161(h)(7)( C)*.) It is evident that the prosecution was scrambling to get ready for trial, as they had not yet produced nearly 3000 documents - some of which would be considered *Brady* material, e.g., interview of attorney Charles Greene FBI 302 (Bates 23812). These late disclosures provide additional evidence supporting defendants' position that they were tricked into agreeing to a continuance believing the Government would proceed in good faith to resolve this case, while it is now believed the Government used the

---

[6] Although defense counsel does not hold Mr. Simeon responsible for the delay before the trial date was continued as he is the third attorney assigned, the Office as a whole, i.e. the Government, bears this responsibility and the consequences resulting therefrom. The defense understands he was the third prosecutor assigned to this case, and as such, desired a continuance. As Ms. Gilg explained to him, as well as Mr. Lucey, and presented in detail in defense motions filed in this case, because of the long delays prior to their appearance not caused by the defense, as well as the years of pre-indictment delay, she was very concerned about the stress and anxiety experienced by Ms. Kuburovich and her concern for the health and well-being of her client made it impossible for her to agree to delay the trial. Defense counsel accommodated the change of AUSAs where possible by, for example, agreeing to extensions to file papers and motions hearings. (See, Doc. #s 58, 63 and 64.)

Reply to Opp. Re: Motion to Dismiss STA          4

ruse of plea negotiations to give them more time to prepare for trial. Again, the defense repeatedly made clear throughout these proceedings that they were prepared to begin trial on the date previously set.

Fourth, to represent that Mr. Nick's two week family holiday in July was in any way to blame for the delay is as unfathomable as alleging the nearly 3000 pages turned over on March 14th in some way impacted the decision to agree to a continuance on March 2nd.

Finally, the Government's attack on the defense and veiled warning to this Court that consideration of the material presented by the defense could be a violation of Fed.R.Crim.P. 11( c)(1) ignores the authority cited in defendants' Motion which specifically identifies the "exceptions" to the general rule of prohibited uses of "Compromise Offers and Negotiation" including: "The court may admit this evidence for another purpose, such as negating a contention of undue delay," which would by necessity include the converse of affirming a claim of undue delay. (See Doc. # 83-1 at p. 6 *fn* 4, citing Rule 408(b).) Further, the prohibited use of participation in plea discussions cannot be used "against the defendant," not the Government. (See *Ibid.,* citing Rule 410(a).)

***

If there was ever a doubt that the Government was disingenuous in seeking a continuance of the trial, such doubt is put to rest by their Opposition. For the claim that the agreement to continue the trial was made for *any* reason other than to allow the time for plea discussions and approvals is quite simply implausible. Had the prosecutor argued his attempts to finalize the offers extended and accepted were thwarted for understandable reasons, or had one or both of the defendants engaged in conduct which would change the course of the negotiations, an honest dispute would be the subject of this motion. But for the prosecution to claim, contrary to all the evidence proffered in defendants' Motion to Dismiss, that there were other reasons for the continuance is yet another misrepresentation employed to save their case at the expense of these defendants and the truth.

## III. LEGAL STANDARDS PRESENTED IN DEFENDANTS' MOTION ARE UNDISPUTED BY THE OPPOSITION.

The Government does not dispute the legal standards and supporting authorities presented in defendant's Motion. They, however, begin the Opposition by erroneously stating defendants' "entire motion is premised on ... that the government was plea bargaining in bad faith." (Doc. # 94 at 1:22-26.) Although the defense maintains the Government did act in bad faith when convincing defendants to agree to a continuance and exclusion of time based on what they believe to be false pretenses,[7] contrary to the Opposition the *entire* motion is not dependent on this showing.

First, as presented in defendants' moving papers, a Speedy Trial Act violation requires a dismissal independent of the Government's conduct. (See Doc. # 83-1 at §§ III.A, pp. 11-12 and III.C, pp. 14-15.) For example, as was clearly stated in the Motion: "*Aside from consideration of the Government's misconduct*, the delay to allow for 'continuity of counsel' and 'effective preparation' for plea bargaining does not provide a valid basis for an exclusion of time under the Speedy Trial Act." (See, Doc. #83-1 at 14: 19-22 (citations omitted) (emphasis added).) The Government does not dispute that the Act does not permit exclusions of time solely for plea bargaining. (See, e.g., Doc. # 94 at 1:28-2:4.) Also, the Government does not disagree if an invalid exclusion of time is found and the 70 day speedy trial clock is violated, *18 U.S.C. § 3162(a)(2)* requires a dismissal. (See, e.g., Doc. # 94 at 15:20-23 (citations omitted).)

Second, in deciding whether to dismiss with or without prejudice the defendants' did not exclusively rely on arguing the Government's bad faith conduct. Although defendants maintain this case should be dismissed with prejudice based on this factor alone, their "entire"

---

[7] *18 U.S.C. § 3162(b)* prohibits the Government from making "(3) ... a statement for the purpose of obtaining a continuance which he knows to be false and which is material to the granting of the continuance ... or (4) otherwise willfully fail[ing] to proceed to trial without justification consistent with section *3161*[.]"

Motion was not premised on this argument. Instead, three non-exclusive statutory factors,[8] as well as any prejudice caused by the delay, were presented for consideration. (See Doc. # 83-1 at § IV., pp. 15-22.) A dismissal with prejudice is the appropriate remedy even in cases where there is no bad faith which caused the delay, but where the Government displayed a lackadaisical attitude, neglect or failed to present an affirmative justification for the delay to warrant a dismissal without prejudice. (*Id.* at 17:21-18:6 (citations and internal quotations omitted).) Moreover, although a showing of bad faith is not a prerequisite for a dismissal with prejudice, if the delay is the result of misconduct or even a pattern of neglect on the part of the Government, a dismissal with prejudice is required. (See Doc. # 83-1 at 17:21-18:11.) While simply responding to defendants' bad faith arguments in its Opposition (see § I, *supra.*), the Government fails to respond to the other factors presented that the Court must consider in deciding this Motion, thus, it can only be presumed they do not dispute these other factors weigh in favor of a dismissal with prejudice.

## IV. **CONCLUSION**

For the reasons set forth herein, and those which may be presented at hearing, it is respectfully requested that this Court grant Defendant's Motion to Dismiss with prejudice.

Dated: August 23, 2018

Respectfully submitted,

*/s/ Zenia K. Gilg*
ZENIA K. GILG
Attorney for Defendant
KRISTEL KUBUROVICH

---

[8] These factors include: (1) seriousness of the offense, (2) facts and circumstances of the case, including, but not limited to, the length of delay, and (3) impact of reprosecution on the administration of the speedy trial act and justice. (See Doc. # 83-1 at pp. 16-19.)

Reply to Opp. Re: Motion to Dismiss STA             7

## Certificate of Service

I hereby certify that on August 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record, including:

> AUSA Scott Simeon
> AUSA Jeff Schenk
> U.S. Attorney's Office
> NDCA, San Jose Branch
> 150 Almaden Blvd., Suite 900
> San Jose, CA 95113
> Telephone: 408-535-5592
> Facsimile: 408-535-5066
> Scott.Simeon@usdoj.gov
> jeffrey.b.schenk@usdoj.gov
>
> Law Office of J. David Nick
> 345 Franklin Street
> San Francisco, ca 94102
> Telephone: (415) 552-4444
> Fax: (415) 358-5897
> jdavidnick@lawyer.com

*/s/ Zenia K. Gilg*
ZENIA K. GILG
Cal. SBN 171922
Law Office of Zenia K. Gilg
Sausalito Plaza
1505 Bridgeway, Suite 103
Sausalito, CA 94965
Telephone: 415.324.7071
Facsimile: 415.324.7078
zenia@jacksonsquarelaw.com