UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 16-CR-00373 EJD |
| Plaintiff, | ) ) | |
| v. | ) ) | FINAL JURY INSTRUCTIONS |
| GOYKO GUSTAV KUBUROVICH and KRISTEL KUBUROVICH, | ) ) ) | |
| Defendants. | ) ) ) ) | |

DATED: September 26, 2018

_____
EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

**JURY INSTRUCTION NO. 1**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**JURY INSTRUCTION NO. 2**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**JURY INSTRUCTION NO. 3**

**DEFENDANT'S DECISION NOT TO TESTIFY**


A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendants did not testify.

**JURY INSTRUCTION NO. 4**

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**JURY INSTRUCTION NO. 5**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**JURY INSTRUCTION NO. 6**

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# JURY INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 9**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

# JURY INSTRUCTION NO. 10

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
## MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant. All the instructions apply to each defendant and to each count.

**JURY INSTRUCTION NO. 11**

**ON OR ABOUT—DEFINED**

The indictment charges that the offenses alleged were committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**JURY INSTRUCTION NO. 12**

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**JURY INSTRUCTION NO. 13**

**OPINION EVIDENCE, EXPERT WITNESS**


You have heard testimony from witnesses who testified to opinions and the reasons for his or her opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# JURY INSTRUCTION NO. 14

## CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**JURY INSTRUCTION NO. 15**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

CHARGES AND ELEMENTS

I will now read to you the offenses with which the defendants have been charged, and the elements of those offenses.

**JURY INSTRUCTION NO. 16**

**BANKRUPTCY FRAUD—SCHEME OR ARTIFICE TO DEFRAUD**
**(18 U.S.C. § 157)**

The defendants are each charged in Count One of the indictment with Bankruptcy Fraud in violation of Section 157 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the defendant devised or intended to devise a scheme or plan to defraud;
>
> Second, the defendant acted with the intent to defraud;
>
> Third, the defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing the acts of an identifiable person, entity, or group; and
>
> Fourth, the defendant (a) filed a petition, (b) filed a document in a proceeding, or (c) made a false or fraudulent representation, claim or promise concerning or in relation to a proceeding under a Title 11 bankruptcy proceeding to carry out or attempt to carry out an essential part of the scheme.

It does not matter whether the document, representation, claim or promise was itself false or deceptive so long as the bankruptcy proceeding was used as a part of the scheme or plan to defraud, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

**JURY INSTRUCTION NO. 17**

**AIDING AND ABETTING**
**(18 U.S.C. § 2)**

A defendant may be found guilty of Bankruptcy Fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Bankruptcy Fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed Bankruptcy Fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Bankruptcy Fraud;

Third, the defendant acted with the intent to facilitate Bankruptcy Fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Bankruptcy Fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**JURY INSTRUCTION NO. 18**

**CONCEALMENT OF ASSETS IN BANKRUPTCY PROCEEDING**
**(18 U.S.C. § 152(1))**

The defendants are each charged in Count Two of the indictment with Concealment of Assets in Bankruptcy Proceeding, in violation of Section 152(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, on or about the date alleged in the indictment, the proceeding in bankruptcy was in existence;
>
> Second, the defendant knowingly and fraudulently concealed the property described in the indictment from the custodian of the bankruptcy court or the bankruptcy trustee; and
>
> Third, the property concealed belonged to the estate of the debtor.

A person "fraudulently conceals" property of the estate of a debtor when that person knowingly withholds information or property or knowingly acts for the purpose of preventing the discovery of such property intending to deceive or to cheat a creditor, a trustee, or a bankruptcy judge. Fraudulently concealing property of the estate of the debtor may include transferring property to a third party or entity, destroying the property, withholding knowledge concerning the existence or whereabouts of property, or knowingly doing anything else by which that person acts to hinder, delay or defraud any of his creditors. The acts of concealment may have begun before as well as after the bankruptcy proceeding began.

The term "debtor" means a person or company for whom a bankruptcy case has been commenced.

The term "creditor" means a person or company that has a claim or right to payment from the debtor that arose at the time of or before the bankruptcy court issued its order for relief concerning the debtor.

The term "estate of a debtor" means all rights, title, share, or interests, whether legal or equitable, in property of a debtor at the time a bankruptcy petition is filed, wherever located and by whomever

held.  The term "estate of a debtor" may also be used to mean property acquired after the commencement of the proceeding and, under some circumstances, may include interests in property of a debtor within one year before the date of the filing of the petition.

Concealment, for the purposes of Title 18, United States Code, Section 152(1), need not consist of secretly appropriating funds for one's own use.  It is sufficient if one withholds knowledge of assets about which the trustee should be told.  The fact that the person who conceals the assets does not directly profit from them does not change this result.

**JURY INSTRUCTION NO. 19**

**AIDING AND ABETTING**
**(18 U.S.C. § 2)**

A defendant may be found guilty of Concealment of Assets, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Concealment of Assets by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

> First, someone else committed Concealment of Assets;
>
> Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of Concealment of Assets;
>
> Third, the defendant acted with the intent to facilitate Concealment of Assets; and
>
> Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Concealment of Assets.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime. The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

# JURY INSTRUCTION NO. 20

## FALSE STATEMENT IN BANKRUPTCY PROCEEDING
### (18 U.S.C. § 152(3))

Count Three of the indictment charges the defendant with making a false statement in a bankruptcy proceeding. In order for you to find the defendant guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, there was a bankruptcy proceeding;

> Second, the defendant made a declaration under penalty of perjury in relation to the bankruptcy proceeding;

> Third, the declaration related to some material matter;

> Fourth, the declaration was false; and

> Fifth, the defendant made the declaration knowingly and with the intent to deceive any creditor, the trustee, or the bankruptcy judge.

A material matter is one that is capable of influencing the court, the trustee, or any creditor.

1

**JURY INSTRUCTION NO. 21**

2

**INTENT TO DEFRAUD**

3

4          An intent to defraud is an intent to deceive or cheat.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 22**

**KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# JURY INSTRUCTION NO. 23

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**JURY INSTRUCTION NO. 24**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# JURY INSTRUCTION NO. 25

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**JURY INSTRUCTION NO. 26**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**JURY INSTRUCTION NO. 27**

**VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.