**LAW OFFICES OF J. DAVID NICK**
**J. DAVID NICK, (California State Bar #157687)**
**345 FRANKLIN STREET**
**San Francisco, CA 94102**
**Telephone: (415) 552-4444**
**Facsimile: (415) 358-5897**
**E MAIL: jdavidnick@lawyer.com**
**Attorney for Defendant**
**GOYKO KUBUROVICH**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: CR 16-00373-EJD |
| | ) | |
| Plaintiff, | ) | DEFENDANT **GOYKO KUBUROVICH'S** MOTION FOR DEPARTURE; REQUEST FOR EVIDENTIARY HEARING; SENTENCING MEMORANDUM. |
| vs. | ) | |
| **GOYKO KUBUROVICH** et al., | ) | DATE: 6-17-19 TIME: 1:30 P.M. |
| Defendants. | ) | |

Defendant, **GOYKO KUBUROVICH**, hereby submits this MOTION FOR DEPARTURE, REQUEST FOR EVIDENTIARY HEARING and sentencing memorandum in support of defendant's sentencing position. The factual issues to be resolved at the evidentiary hearing are facts pertaining to the nature and circumstances of the offense and the history and characteristics of the defendant. The defendant wishes to call as witnesses at his sentencing a cross section; i.e. four of defendant's character witnesses for brief statements under oath regrading the defendant's character, the effect incarceration will have on the defendant and circumstances regarding the offense.

## SENTENCING POSITION

The guideline sentence suggested for this offense is a paradigm example of federal sentencing guidelines out of touch with reality. The PSR's recommended sentence is the *maximum* for this offense and does so under circumstances that a maximum sentence is not rationale when one considers the universe of potential bankruptcy frauds which arise in the Federal District Courts. In light of these immediately notable deficiencies the usefulness and accuracy of USSG §2B1.1 to determine this defendant's sentence must be questioned. It is hard to understand how a guideline that is meant to also be employed for other fraud offenses which carry a 20-year maximum could possibly be so fungible that

it can be used for an offense such as in this case with a maximum of 5 years. Congress certainly sees a loss of $1 million dollars as more serious when the loss occurs in connection with a 20-year maximum offense, then when that same 1-million-dollar loss occurs in connection with a 5-year maximum offense. While there is a reduction of one level provided by 2B1.1 to account for these more serious offenses, that 1 level reduction is not enough to address that obvious disparity. The absurdity of the use of USSG §2B1.1 lies in the fact that at this defendant's level of alleged loss his recommended guideline sentence is a *maximum* sentence; however, if the loss were greater the guidelines would call for a sentence *substantially beyond* the maximum penalty congress provided for these bankruptcy fraud offenses. This court should readily discard the use of USSG §2B1.1 and instead apply its own discretion in balancing the factors established pursuant to *18 U.S.C. §3553* to arrive at a just sentence.

In doing so the PSR point to two aggravating factors which with all due respect are overstated by the probation officer; the "involvement" of his daughter in testifying at a hearing in state court and defendant's "financial status" prior to this offense alleging without any factual support that "His bankruptcy petition was not filed because of need, but greed." PSR, sentencing recommendation p.2 Even if these circumstances were accepted in the light advocated by the PSR, they do not outweigh defendant's close relationship with his daughter, her support of him, her free will to also have been willing to help her father, the isolated incident and that there are much worse things fathers involve their daughters in making the PSR's conclusions suspect.

It is uncontested that the asset defendant did not disclose *was used to pay creditors during the bankruptcy* proceedings-this is the same result had defendant disclosed this asset-it would have been used to pay the very same creditors. A maximum sentence under these circumstances appears to be highly excessive and totally dislodge from fairness.

Thus, In light of the totality of the circumstances of this particular case, which include the foregoing aspects of his case, defendant's lack of a significant criminal history, defendant's positive social background including lengthy employment history, extensive acts of generosity, volunteer service and donations to charity over his life time, the length of time passed since the offense and the proven rehabilitation of the defendant since that time and the extent of harm that will come defendant's family and employees relying on the defendant should he be incarcerated, **that defendant's sentence should be probation for a period of 5 years**. Such a sentence is authorized by statute. See, *18 U.S.C. § 3561(c)(1),* (see, PSR para.84).

Should the court be inclined to incarcerate Mr. Kuburovich, **a sentence of no more than 18 months would be appropriate**; such a sentence is painful enough on this defendant and his family to accomplish the deterrence goals of sentencing. His business shall be likely ruined, he will have to start from the bottom again and his family will financially suffer; the whole World will hear about this devastating result so as to deter others. The court should order this sentence to be served as a split sentence pursuant to USSG §5C1.1. in order to minimize the effect on defendant's family and perhaps the opportunity to save his business and his employees jobs.

## Imposing A Sentence After United States v. Booker

The mandatory nature of the United States Sentencing Guidelines-in particular *18 U.S.C. § 3553(b)(1)* which purported to make the Guidelines mandatory upon federal courts-is unconstitutional. *United States v. Booker, (2005) 543 U.S. 220*. Although a court should consult the guidelines in fashioning a sentence, the court must "tailor the sentence in light of other statutory concerns as well." Id. Section § 3553(a) sets out these "other statutory concerns" or factors. See, *18 U.S.C. §3553(a)(1)-(7)*. See also, *United States v. Ameline 409 F.3d 1073, 1077 (9th Cir.2005)* (sentencing courts must now consider all of the goals and factors set forth in §3553(a), not just the guidelines and policy statements in the Guidelines manual); See, *United States v. Ranum, 352 F. Supp. 2d 984, 987 (E.D. Wis. 2005)*(explaining that now "[t]he guidelines are not binding, the courts need not justify a sentence outside of them by citing factors that take the case outside the 'heartland.' Rather, courts are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the *§ 3553(a)* factors.").

When considering all the factors under *18 U.S.C. §3553*, imposing a sentence here which imposes no confinement would be appropriate.

There simply is nothing in this case that displays an innate criminal inclination on the part of this defendant; in addition to what has already been argued this defendant has not lived a life of looking for crime-instead during an isolated point in his life he committed this offense. The offense did not realistically harm anyone as whatever assets defendant did not disclosed were in fact used to pay creditors.

Defendant clearly understands the consequences of this type of conduct. The proceedings have brought upon great stress. These events have served as a reminder of the consequences of his actions;

3

defendant he has been punished sufficiently to serve the need for deterrence and incarceration in this case is of little or no benefit to society.

**CONCLUSION**

For the foregoing reasons it is respectfully requested that the court sentence defendant to 5 years of probation or no more than 18 months.

DATED: June 10, 2019

*[signature]*

J. DAVID NICK, ATTORNEY FOR DEFENDANT