1 DAVID L. ANDERSON (CABN 149604)
United States Attorney
2
HALLIE HOFFMAN (CABN 210020)
3 Chief, Criminal Division

4 SCOTT SIMEON (NYBN 5012653)
Assistant United States Attorney
5
    150 Almaden Boulevard, Suite 900
6     San Jose, California 95113
    Telephone: (408) 535-5061
7     FAX: (408) 535-5066
    scott.simeon@usdoj.gov
8
Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 16-00373-1 EJD** |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| GOYKO GUSTAV KUBUROVICH, | Date: June 17, 2019<br>Time: 1:30 P.M.<br>Court: Hon. Edward J. Davila |
| Defendant. | |

For the reasons below, the government respectfully recommends that the Court sentence defendant Goyko Gustav Kuburovich to 60 months of imprisonment followed by 3 years of supervised release, and order Mr. Kuburovich to pay $2,010,530.20 in restitution.

**I.    Legal Standard**

Federal Sentencing Guidelines are the "starting point and the initial benchmark" for all sentencing proceedings. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). They are, however, only "one factor among the [18 U.S.C.] § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *Id.* (citing *Kimbrough*, 552 U.S. at 100). In considering these factors, the ultimate goal is to impose a sentence that is "sufficient, but not greater than necessary" to meet the following purposes: "to reflect the seriousness

of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Id.* (quoting 18 U.S.C. § 3553(a) and (a)(2)).

## II. Sentencing Guidelines Calculation

The government agrees with the U.S. Probation Office's calculation:

| | |
|---|---|
| Base offense level (U.S.S.G. § 2B1.1) | 6 |
| Loss of more than $1,500,000 (§ 2B1.1(b)(1)(I)) | +16 |
| More than 10 Victims (§ 2B1.1(b)(2)(A)(i)) | +2 |
| Misrepresentation during a bankruptcy proceeding (§ 2B1.1(b)(9)(B)) | +2 |
| Scheme committed outside U.S./Sophisticated means (§ 2B1.1(b)(10)(B) & (C)) | +2 |
| Organizer/Leader role enhancement (§ 3B1.1(c)) | +2 |
| **Adjusted Offense Level** | **30** |

PSR ¶¶ 38–49. Combined with criminal history category I, the resulting sentencing guidelines range is 97 to 121 months of imprisonment. The statutory maximum penalty for each count of conviction is 60 months of imprisonment. 18 U.S.C. §§ 152, 157.

## III. Sentencing Recommendation

The government recommends that the Court sentence the defendant to 60 months' imprisonment on each count, with the sentences on all counts to run concurrently. For the reasons outlined below, this sentence would be sufficient, but not greater than necessary, to meet the goals of sentencing given the specific facts and circumstances of this case.

Mr. Kuburovich's fraud was extensive, deliberate, and methodical, and he not only defrauded the federal bankruptcy system, but also defrauded individual creditors and used his own teenage daughters, Kristel and Natalie, as tools to execute his plan. This pattern of fraud began at least as early as 2006, when the defendant used a real estate fraud scheme to steal hundreds of thousands of dollars from individuals such as Alan Hamblin and William Ferguson, who were later identified as creditors in his bankruptcy schedules. The pattern continued as he racked up over $198,000 in credit card debt in anticipation of filing for bankruptcy and having that debt discharged. And in preparation for that filing, he used his daughters to create a shell company, NATA LP, then opened bank accounts in the name of both NATA LP and his daughter Kristel, including accounts in Liechtenstein and the Cayman Islands. Finally, he hid his money and property—$868,000 in assets—under both NATA LP and Kristel's name

before filing his petition for bankruptcy in 2010 to discharge over $2.5 million in debt. But submitting that petition was not his culminating act, as he had to commit, and enjoin Kristel to commit, additional acts to maintain the scheme to defraud. For example, when the Santa Clara County District Attorney's Office attempted to seize the defendant's Eagle Ridge Drive property to repay his real estate fraud victims, the defendant had Kristel perjure herself in the 2012 lis pendens hearing by falsely claiming, among other things, that the property was hers. By the time the defendant's debt was discharged in 2015, his fraudulent activities had continued for almost a decade.

Although it is clear that Mr. Kuburovich went to great lengths to perpetrate this fraud, what is unclear is the extent to which he was successful or the extent of the damage he caused. For example, the offshore bank account in Liechtenstein was discovered only when the Liechtenstein authorities reached out to the District Attorney's Office to inform U.S. authorities of that account. Regarding the other offshore bank account (or accounts) in the Cayman Islands, to this day U.S. authorities still do not know how much money passed through or where that money eventually went. But one obvious conclusion can be drawn from the fact that Mr. Kuburovich, a well-educated, sophisticated businessman, went to such lengths to funnel and hide his assets: He must have believed that the potential success of his scheme to defraud was worth the potential risks. An appropriate sentence is required to disabuse him and others of that belief.

In particular, an appropriate sentence is needed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, taking into consideration the sophistication and extended scope of Mr. Kuburovich's offense conduct, the number of people he victimized, and the high dollar amount he attempted to steal (and did steal). The sentence must also afford adequate deterrence, as the federal bankruptcy system is designed to protect both creditors and honest debtors, and dishonest debtors cause harm to the integrity of that system that is incalculable and goes beyond mere numbers and figures. Finally, the sentence must protect the public from further crimes of the defendant because the harm that Mr. Kuburovich has caused is not only institutional; it is also personal: personal to his creditors, and personal to his own daughters. Perhaps the most egregious aggravating factor, and one that is not fully represented by the two-offense-level increase for being an organizer, leader, manager, and supervisor, is the fact that Mr. Kuburovich made the conscious decision to jeopardize the safety,

freedom, and well-being of his teenage daughters for his own monetary gain.

## IV. Conclusion

For the reasons stated above, the government respectfully recommends that the Court sentence the defendant to 60 months of imprisonment followed by 3 years of supervised release, and order him to pay $2,010,530.20 in restitution.

DATED: June 10, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 */s/ Scott Simeon*
SCOTT SIMEON
Assistant United States Attorney