DAVID ZARMI - # 245636
davidzarmi@gmil.com
8950 W Olympic Blvd., Ste. 533
Beverly Hills, CA 90211
310-841-6455

Attorney for Defendant
GOYKO GUSTAV KUBUROVICH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GOYKO GUSTAV KUBUROVICH,<br><br>　　　　Defendant. | Case No. 5:16-cr-00373-EJD-1<br><br>**EX PARTE MOTION FOR RELEASE ON BAIL PENDING APPEAL; DECLARATION OF DAVID ZARMI**<br><br>Judge: Edward J. Davila |

Comes now the defendant Goyko Gustav Kuburovich ("Mr. Kuburovich") and, pursuant to Criminal Local Rule 47-3 moves the Court on an ex parte basis for an order permitting the defendant to remain at liberty on his present bond release pending the disposition of the appeal of his conviction currently pending in the United States Court of Appeal for the Ninth Circuit. This motion is made on an ex parte basis because Mr. Kuburovich is currently scheduled to self-surrender to commence serving his sentence in this matter on October 10, 2019. Pursuant to Rule 47-3 a copy of this motion is being served on the Office of the United States Attorney for the Northern District of California.

## I. INTRODUCTION

Pursuant to 18 U.S.C. §3143(b), Mr. Kuburovich moves the Court for an order granting his release on bail pending his appeal to the Ninth Circuit Court of Appeals of his criminal convictions in this matter.

Apart from findings that Mr. Kuburovich would pose no risk of flight or danger to the public if released pending appeal — findings the Court has previously made in Mr. Kuburovich's favor — relevant precedent requires that Mr. Kuburovich present a "fairly debatable" appellate question in order to secure a release under the statute. *United States v. Handy*, 761 F.2d 1279, 1281-83 (9th Cir. 1985). The law is clear that an issue can be deemed "fairly debatable" even if the judge hearing the application for bail on appeal is convinced that the conviction in question will be affirmed by a reviewing court and would rule against the defendant himself. *Id.* at 1281.

As Mr. Kuburovich has demonstrated in his pre-trial motions and discusses further below, the appeal will raise claims that meet the "fairly debatable" standard. Furthermore, if the claims succeed, they will result in the retrial or reversal of the offenses of which he stands convicted. Accordingly, the Court should issue an order permitting Mr. Kuburovich's release on bail pending conclusion of the appeal under the same conditions on which he is currently free.

## II. PROCEDURAL HISTORY

On August 25, 2016, a grand jury returned an indictment charging Mr. Kuburovich with three counts of bankruptcy fraud in violation of 18 U.S.C. § 157 (count 1), § 152(1) & (2) (count 2); and § 152(3) (count 3) by gifting his two daughters $750,000 one and a half years before filing for bankrupcy and not disclosing the gifts to the bankrupcy court. His daughter Kristel was also indicted on the first two counts. (Dkt. 1.) On September 12, 2016, Mr. Kuburovich posted a $50,000 personal recognizance bond to secure his release pending trial and agreed to comply with conditions imposed by the Magistrate Judge. (Dkt. 8, 11-12.) The government subsequently stipulated to terminate the pretrial release condition of drug testing and out-of-state travel, to which the Magistrate Judge agreed. (Dkt. 21, 23, 25-26, 28-29.)

On September 26, 2018, a jury returned a verdict of guilty as to all three counts. (Dkt. 129-30.) Kristel was found guilty as to count 2, but this Court granted her motion for acquittal. (Dkt. 129-30, 136.) On June 17, 2019, this Court sentenced Mr. Kuburovich to forty months in federal prison and ordered him to self-surrender on October 10, 2019. (Dkt. 162.) This Court has since denied two requests to extend the surrender date for medical, financial, and legal reasons. (Dkt. 168-72.)

### III. BECAUSE MR. KUBUROVICH MEETS THE THREE REQUIREMENTS SET OUT IN 18 U.S.C. § 3143(B), HE SHOULD BE RELEASED ON BAIL PENDING APPEAL

A court "*shall* order" bail pending appeal if there is clear and convincing evidence that the appellant "is not likely to flee" or "pose a danger to [public] safety" and his "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the . . . duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B) (emphasis added).

A "substantial question" is one that is "fairly debatable." *Handy*, 761 F.2d at 1281. An issue can be deemed "fairly debatable" even if the judge hearing the application for bail on appeal is convinced that the conviction in question will be affirmed by a reviewing court and would rule against the defendant himself. *Id*. "[I]n short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 1283.

#### A. As This Court Already Found, Mr. Kuburovich Is Neither a Flight Risk nor Does He Pose a Danger to Public Safety

Mr. Kuburovich is neither a flight risk nor does he pose a danger to public safety if he is continued on release pending appeal. Implicit in this Court's continuing directive to release Mr. Kuburovich until his self-surrender date (*see* Dkt. 8, 11-12, 37, 62, 73, 78, 147, 162) is a finding that he is neither a flight risk nor a danger to public safety. 18 U.S.C. § 3143(a)(1) (a defendant must be detained pending sentencing unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to [public] safety"). Thus, this Court's directive to release Mr.

Kuburovich until his self-surrender satisfies the first two prongs of the standard for release pending appeal.

Not only did this Court make the findings that Mr. Kuburovich is neither a flight nor safety risk, but shortly after imposing the regular release conditions prohibiting out-of-state travel, it removed any limitations on Mr. Kuburovich's travel within the United States, explicitly including Hawaii. (Dkt. 26, 29.) This Court even removed periodic drug testing as a condition of release. (Dkt. 23, 147.) As condition of Mr. Kuburovich's release, he was required to report to Pretrial Services. (*See* Dkt. 8, 11-12.) As this Court is aware, Mr. Kuburovich has abided conscientiously by all supervised release conditions thus far.

Moreover, per the presentencing report, Mr. Kuburovich has very extensive ties to the community, including the continuing operation of the businesses which constitute the livelihood of Mr. Kuburovich and his family. He has deep roots in California and has always lived here. (Dkt. 168 at 15.) He is active in his church and supports his family. Mr. Kuburovich credibly indicated that he wishes to remain active in his church and in his businesses to pay the family bills and support his family. His character letters from family members, friends, and work acquaintances describe him "as kind, thoughtful, caring, and generous." (*Id.* at 16.)

As this Court is aware, Mr. Kuburovich has faithfully appeared before the Court at all times required. *See* § 3142(g)(3)(A). Additionally, Mr. Kuburovich suffers from a heart condition and recurring shingles that require ongoing medical treatment. (Dkt. 168 at 16.) In view of the present record and the Court's prior rulings, Mr. Kuburovich has established by clear and convincing evidence that his release presents neither a risk of flight nor a danger to public safety. That being so, the question is not whether this Court at this stage believes the defendant will prevail on appeal, but rather whether the issue he raises is of the type that renders "fairly debatable" the likelihood of his success on appeal.

**B. The Appeal Is Not for the Purpose of Delay and Will Raise Substantial Questions of Law or Fact Likely to Result in Reversal**

### 1. The Denial of Any Discovery to Show That the Charges against Mr. Kuburovich Were the Result of Vindictive Prosecution Raises a Substantial Question on Appeal

Mr. Kuburovich alleged that the charges against him were a violation of his due process rights as vindictive prosecution for succeeding at trial in an earlier state prosecution that was coordinated with the federal government. Because the allegations, if true, would compel dismissal of the charges, Mr. Kuburovich requested that this Court grant discovery, including document subpoenas, to enable him to make the necessary showing for the Court to find in his favor. (*See* Dkt. 39, 42, 49.) After extensive briefing from both parties, this Court denied the request. (Dkt. 77.)

Based on Ninth Circuit case law, this denial of any discovery raises an issue on appeal that is "fairly debatable" and has a likelihood of success for rehearing and/or retrial on the issue given the timing of the indictment and the cooperation by the state prosecutors with federal agents (*see* Dkt. 39-1 at 7). *See United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989) (cited favorably by *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (1990)) (remanding to district court for discovery as to vindictive prosecution allegations based on "some evidence").

### 2. Mr. Kuburovich's Right to a Speedy Trial Was Violated by the Government and Should Result in a Dismissal of All Charges

Appellant filed a motion to dismiss the charges against him for violation of the Speedy Trial Act ("STA"), 18 U.S.C. § 3161. (Dkt. 83, 96.) After extensive briefing from both sides, this Court denied the motion. (Dkt. 103-04.)

Mr. Kuburovich and Kristel alleged in at least two different periods extensive delays by the government which were ostensibly for plea negotiations and obtaining authorization from the prosecutors' supervisors, but were demonstrably not used for those purposes. The government thus obtained their stipulation to the continuances by deceit. (*See* Dkt. 83-1 at 2-10.) However, even if the continuances were not obtained by deceit, in the Ninth Circuit, engaging in plea negotiations is not a valid reason for a continuance of trial, unless the court is notified that an agreement was reached, which obviously did not happen here. *See United States v. Hernandez-Meza*, 720 F.3d 760, 763 (9th Cir.

2013).  And despite the stipulation, a defendant in the Ninth Circuit is not allowed to voluntarily waive or forfeit his time under the STA as it is a public right.  *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155-56 (9th Cir. 2000); *United States v. Karjala*, 2017 U.S. Dist. LEXIS 76556, *3 (D. Alaska May 15, 2017).  The denial of this motion as well creates a "fairly debatable" issue on appeal.

### 3. Insufficient Evidence Was Presented at Trial to Support the Charges and Specifically the Government's Contention That Mr. Kuburovich Retained a Legal or Equitable Interest in the Money He Gifted to His Daughters

After his conviction, Mr. Kuburovich filed a motion for acquittal on the basis that the government had not proved its case that he had committed bankrupcy fraud, concealed evidence in a bankrupcy proceeding, or made a false statement in a bankrupcy proceeding.  Kristel joined in the motion.  (Dkt. 120 at 1-2.)  This Court granted the motion as to Kristel but denied it as to Mr. Kuburovich.  (Dkt. 136.)

The denial of the motion for acquittal also raises a "fairly debatable" issue for appeal because the government failed to provide sufficient evidence that Mr. Kuburovich retained either legal or equitable interest in the gifts that he had given his daughters, a requirement for counts 1 and 2, because he did not.  His daughters were free to walk away from Mr. Kuburovich (with their money) and never speak to him again.  (*See* Dkt 120 at 7-8.)  And as to count 3, the government did not show beyond a reasonable doubt that Mr. Kuburovich made any false statements to the bankrupcy court and certainly did not show that he had the requisite intent to do so.  (*See id.* at 10-11.)[1]

## IV.     CONCLUSION

These are admittedly complex and weighty questions.  But at a minimum the questions are fairly debatable and Mr. Kuburovich is entitled to bail while the Ninth Circuit considers them.

---

[1] For purposes of this ex parte motion the focus is on three substantial appellate issues, but there are others that require further examination by appellate counsel.  For instance, this Court's denial of the defense's request for further instruction on count 2 following *In re Hammerstein*, 189 F. 37 (2d Cir. 1911) (Dkt. 144 at 810-13, 838, 841-42) and the denial of the motion for a bill of particulars (Dkt. 43, 77).  Appellate counsel has also not yet examined any claims of ineffective assistance of trial counsel, which this Court would know better than counsel at this point.

Dated: October 3, 2019

By:    */s/ David Zarmi*

DAVID ZARMI

Attorney for Defendant
GOYKO GUSTAV KUBUROVICH

**DECLARATION OF DAVID ZARMI IN SUPPORT OF EX PARTE MOTION FOR RELEASE ON BAIL PENDING APPEAL**

I, DAVID ZARMI, declare and state as follows:

1. I am a Certified Appellate Specialist duly licensed to practice in this Court and before the Ninth Circuit Court of Appeals. I make this declaration in support of the Ex Parte Motion for Release on Bail Pending Appeal.

2. On June 17, 2019, this Court ordered Mr. Kuburovich to self-surrender on October 10, 2019. (Dkt. 162.)

3. On June 24, 2019, trial counsel J. David Nick filed a notice of appeal with this Court. (Dkt. 163.)

4. On August 28, 2019, Mr. Nick filed request for extension of time to self-surrender to December 9, 2019. (Dkt. 168.) On September 6, 2019, this Court denied the request. (Dkt. 169.)

5. On September 3, 2019, I was retained by the Defendant, Goyko Gustav Kuburovich, to represent him on appeal from the judgment in NDCA case no. CR 16-00373-EJD.

6. On September 10, 2019, I drafted and signed a declaration for Mr. Nick in support of a motion attesting that for a fair opportunity at appeal I would require the ability to personally meet with Mr. Kuburovich until at least November 11, 2019. (Dkt. 170-1.)

7. On September 12, 2019, I substituted in as counsel for Mr. Nick in the Ninth Circuit appellate case no. 19-10215.

8. On September 17, 2019, Mr. Nick filed a second request for extension of time to self-surrender to November 11, 2019. (Dkt. 170.) On September 23, 2019, this Court denied the request. (Dkt. 172.)

9. On September 19, 2019, this Court filed the Ninth Circuit briefing schedule for the appeal case no. 19-10215, which had actually been lodged by the Ninth Circuit on June 25, 2019. (Dkt. 171.)

10. On September 24, 2019, a day after the second extension request had been denied, I prepared and file a transcript designation form, transcript order form, and notice of appearance in this Court. (Dkt. 173-75.)

11. From September 29 through October 1, 2019, I was out of the office and unable to work due to the Rosh Hashana holiday.

12. On October 1, 2019, court reporter Irene Rodriguez informed me via email that she had prepared the request transcripts and asked me to let her know when a check for the required $813.95 was "in the mail." I mailed it out on October 2, 2019 and let her know by email that I had done so.

13. At all times, I have diligently reviewed the record and prepared this motion for bail pending appeal, but because of the inability to extend the self-surrender date beyond October 10, 2019, I am required to file this motion ex parte under Local Rule 47-3.

14. AUSA Scott Simeon informed me today that the request is opposed.

I declare under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct.

Date: October 3, 2019 By: /s/ David Zarmi

**[PROPOSED] ORDER GRANTING REQUEST FOR BAIL PENDING APPEAL**

    Good Cause having been shown by the defendant's ex parte application, the Court extends defendant's present bond release for the pendency of his appeal to the United States Court of Appeal for the Ninth Circuit.

                                        So Ordered,

                                        _____
                                        Edward J. Davila
                                        United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of October, 2019, I electronically filed the foregoing document with the United States District Court, Northern District of California, by using the CM/ECF filing system. I certify that the following parties or their counsel are registered ECF filers and they will be serviced by the CM/ECF system:

Jeffrey Benjamin Schenk
jeffrey.b.schenk@usdoj.gov

Tong Zhang
tong.zhang@usdoj.gov

Scott Simeon
scott.simeon@usdoj.gov

By:        */s/ David Zarmi*

DAVID ZARMI

Attorney for Defendant
GOYKO GUSTAV
KUBUROVICH