**No. 19-10215**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

GOYKO GUSTAV KUBUROVICH,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Northern District of California
No. 5:16-cr-00373-EJD-1
Hon. Edward J. Davila

_____

**URGENT MOTION UNDER CIRCUIT RULE 27-3(B) FOR MOTION TO
CONTINUE ON BAIL PENDING APPEAL AND TO REMAIN ON BAIL
UNTIL THIS MOTION IS RULED UPON PER CIRCUIT RULE 9-1.2(E)
BY SELF-SURRENDER DATE OF OCTOBER 10, 2019, OR AS SOON AS
POSSIBLE THEREAFTER**

_____

David Zarmi
8950 W Olympic Blvd., Ste. 533
Beverly Hills, CA 90211
310-841-6455
davidzarmi@gmail.com

*Attorney for Appellant
Goyko Gustav Kuburovich*

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................1

PROCEDURAL HISTORY ...........................................................................3

ARGUMENT ...............................................................................................4

    BECAUSE APPELLANT MEETS THE THREE REQUIREMENTS SET
OUT IN 18 U.S.C. § 3143(B), HE SHOULD BE RELEASED ON BAIL
PENDING APPEAL.....................................................................................4

        A.    The District Court Found That Appellant Is Neither a Flight
Risk nor a Danger to Public Safety.............................................5

        B.    The Appeal Is Not for the Purpose of Delay and Will Raise
Substantial Questions of Law or Fact Likely to Result in
Reversal....................................................................................7

            1.    The Denial of Any Discovery to Show That the Charges
against Appellant Were the Result of Vindictive
Prosecution Raises a Substantial Question on Appeal .....7

            2.    Appellant's Right to a Speedy Trial Was Violated by the
Government and the District Court's Denial of a Motion
to Dismiss the Charges Raises a Substantial Question on
Appeal............................................................................9

            3.    Insufficient Evidence Was Presented at Trial to Support
the Charges and Specifically the Government's
Contention That Appellant Retained a Legal or Equitable
Interest in the Money He Gifted to His Daughters,
Raising a Substantial Question on Appeal        10

CONCLUSION .........................................................................................11

# TABLE OF AUTHORITIES

## Cases

In re Hammerstein, 189 F. 37 (2d Cir. 1911) ............................................................7

United States v. Adams, 870 F.2d 1140 (6th Cir. 1989) ...........................................9

United States v. Handy, 761 F.2d 1279 (9th Cir. 1985) .......................................3, 5

United States v. Hernandez-Meza, 720 F.3d 760 (9th Cir. 2013) ........................2, 9

United States v. Karjala, 2017 U.S. Dist. LEXIS 76556 (D. Alaska May 15, 2017) ............................................................................................................2, 9

United States v. One 1985 Mercedes, 917 F.2d 415 (1990)................................2, 8

United States v. Ramirez-Cortez, 213 F.3d 1149 (9th Cir. 2000) ........................2, 9

## Statutes

18 U.S.C. § 152 ....................................................................................................1, 3

18 U.S.C. § 157 ....................................................................................................1, 3

18 U.S.C. § 3142 ......................................................................................................6

18 U.S.C. § 3143 ......................................................................................... 1, 4, 5, 11

18 U.S.C. § 3161 ......................................................................................................2

## Rules

Ninth Circuit Rule 9-1.2 ...........................................................................................1

Federal Rule of Appellate Procedure 9 ....................................................................1

Defendant-Appellant Goyko Gustav Kuburovich moves under Federal Rule of Appellate Procedure 9, Circuit Rule 9-1.2, and 18 U.S.C. § 3143(b) for bail pending appeal.  Following a jury trial, appellant was convicted of three counts of bankruptcy fraud in violation of § 157 (count 1), §§ 152(1) & (2) (count 2); and § 152(3) (count 3) by gifting his two daughters $750,000 one and a half years before filing for bankrupcy and not disclosing the gifts to the bankrupcy court.  (Dkt. 1.)[1] On June 17, 2019, appellant was sentenced to forty months in federal prison and was ordered to self-surrender by October 10, 2019.  (Dkt. 162 & Ex. A, attached.) The judgment of conviction is attached as Exhibit A as required by Federal Rule of Appellate Procedure 9(b).  Although appellant filed an ex parte motion for release on bail pending appeal on October 3, 2019 (Dkt. 176 & Ex. B, attached), the district court has not yet responded.

Appellant also moves under Circuit Rule 9-1.2(e) for appellant's current bail to "remain in effect until the Court rules on the motion."

## INTRODUCTION

Seven weeks after a California state jury acquitted appellant and his daughter Kristel of medical marijuana related charges brought with the cooperation of state and federal agents, federal prosecutors brought an indictment against them for three

---

[1] "Dkt." refers to the online docket in the Northern District of California case no. 5:16-cr-00373-EJD available on PACER.

counts of bankrupcy offenses which occurred **six years** earlier.  (*See* Dkt. 39-1 at 1-5.)  This appeal arises out of a vindictive prosecution for failure to declare assets transferred a year and a half before the bankrupcy that appellant believed in good faith, and in reliance on legal counsel, he was not required to declare.  There are substantial questions about the prosecution and convictions that are likely to result in retrial and/or acquittal.

*First*, the district court should have granted basic discovery to appellant to pursue his theory of vindictive prosecution based on "some evidence" as indicated in this Court's precedent of *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (1990).  The denial of appellant's ability to conduct any discovery whatsoever was in error and and creates a "fairly debatable" issue that is likely to result in remand for rehearing and/or retrial.

*Second*, appellant's right to a speedy trial under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, was violated by the government when it deceived appellant into stipulating to a continuance by dangling the possibility of plea negotiations in front of him.  *See United States v. Hernandez-Meza*, 720 F.3d 760, 763 (9th Cir. 2013).  Further, it was erroneously agreed to by the district court. *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155-56 (9th Cir. 2000); *United States v. Karjala*, 2017 U.S. Dist. LEXIS 76556, *3 (D. Alaska May 15, 2017).

2

The violations of the STA create a "fairly debatable" issue on appeal and are likely to result in retrial or acquittal.

*Third*, the government ultimately failed to prove its case against appellant, the basis for a post-conviction motion for acquittal.  Specifically, the government failed to prove beyond a reasonable doubt that he retained either legal or equitable interest in the gifts that he had given his daughters, a requirement for counts 1 and 2, or that appellant intentionally made false statements to the bankrupcy court, a requirement for count 3.  The insufficiency of the evidence also creates a "fairly debatable" issue on appeal which is likely to result in retrial or acquittal.

Throughout the proceedings below, the district court acknowledged that appellant's arguments were open to debate and supported by precedent.  Because each issue is—at a minimum—"fairly debatable," and appellant plainly poses no risk of flight or danger to the community, he is entitled to continue on bail pending appeal.  *United States v. Handy*, 761 F.2d 1279, 1280, 1283 (9th Cir. 1985).

## PROCEDURAL HISTORY

On August 25, 2016, a grand jury returned an indictment charging appellant with three counts of bankruptcy fraud in violation of 18 U.S.C. § 157 (count 1), § 152(1) & (2) (count 2); and § 152(3) (count 3) by gifting his two daughters $750,000 one and a half years before filing for bankrupcy and not disclosing the gifts to the bankrupcy court.  Kristel was also indicted on the first two counts.  (Dkt.

3

1.)  On September 12, 2016, appellant posted a $50,000 personal recognizance bond to secure his release pending trial and agreed to comply with conditions imposed by the district court.  (Dkt. 8, 11-12.)  The government subsequently stipulated to terminate the pretrial release condition of drug testing and out-of-state travel, to which the district court agreed.  (Dkt. 21, 23, 25-26, 28-29.)

On September 26, 2018, a jury returned a verdict of guilty as to all three counts.  (Dkt. 129-30.)  Kristel was found guilty as to count 2, but this Court granted her motion for acquittal.  (Dkt. 129-30, 136.)  On June 17, 2019, this Court sentenced appellant to forty months in federal prison and ordered him to self-surrender on October 10, 2019.  (Dkt. 162.)  The district court subsequently denied two requests to extend the surrender date for medical, financial, and legal reasons. (Dkt. 168-72.)

Appellant filed an ex parte motion for release on bail pending appeal with the district court on October 3, 2019.  (Dkt. 176.)

## ARGUMENT

### BECAUSE APPELLANT MEETS THE THREE REQUIREMENTS SET OUT IN 18 U.S.C. § 3143(B), HE SHOULD BE RELEASED ON BAIL PENDING APPEAL

A court "*shall* order" bail pending appeal if there is clear and convincing evidence that the appellant "is not likely to flee" or "pose a danger to [public] safety" and his "the appeal is not for the purpose of delay and raises a substantial

question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the . . . duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B) (emphasis added).

A "substantial question" is one that is "fairly debatable."  *Handy*, 761 F.2d at 1281.  An issue can be deemed "fairly debatable" even if the judge hearing the application for bail on appeal is convinced that the conviction in question will be affirmed by a reviewing court and would rule against the defendant himself.  *Id*.  "[I]n short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous."  *Id.* at 1283.

A.   **The District Court Found That Appellant Is Neither a Flight Risk nor a Danger to Public Safety**

Appellant is neither a flight risk nor does he pose a danger to public safety if he is continued on release pending appeal.  Implicit in the district court's continuing directive to release appellant until his self-surrender date (*see* Dkt. 8, 11-12, 37, 62, 73, 78, 147, 162) is a finding that he is neither a flight risk nor a danger to public safety.  18 U.S.C. § 3143(a)(1) (a defendant must be detained pending sentencing unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to [public] safety").  Thus, the district court's directive to release appellant until his self-surrender satisfies the first two prongs of the standard for release pending appeal.

5

Not only did the district court make the findings that appellant is neither a flight nor safety risk, but shortly after imposing the regular release conditions prohibiting out-of-state travel, it removed any limitations on his travel within the United States, explicitly including Hawaii.  (Dkt. 26, 29.)  The district court even removed periodic drug testing as a condition of release.  (Dkt. 23, 147.)

Moreover, per the presentencing report, appellant has very extensive ties to the community, including the continuing operation of the businesses which constitute the livelihood of appellant and his family.  He has deep roots in California and has always lived here.  (Dkt. 161 at 15.)  He is active in his church and supports his family.  Appellant credibly indicated that he wishes to remain active in his church and in his businesses to pay the family bills and support his family.  His character letters from family members, friends, and work acquaintances describe him "as kind, thoughtful, caring, and generous."  (*Id.* at 16.)

Appellant has faithfully appeared before the district court at all times required; if he had not, his bail would have been revoked.  *See* § 3142(g)(3)(A).  Additionally, he suffers from a heart condition and recurring shingles that require ongoing medical treatment.  (Dkt. 161 at 16; *see* Dkt. 168 at 1.)  In view of the present record and the district court's prior rulings, appellant has established by clear and convincing evidence that his release presents neither a risk of flight nor a danger to public safety.  That being so, the question is not whether this Court at this

6

stage believes the defendant will prevail on appeal, but rather whether the issue he raises is of the type that renders "fairly debatable" the likelihood of his success on appeal.

### B. The Appeal Is Not for the Purpose of Delay and Will Raise Substantial Questions of Law or Fact Likely to Result in Reversal

This appeal presents at least three substantial questions that if resolved in appellant's favor would mandate reversal or a new trial.[2]  Bail is thus required.

### 1. The Denial of Any Discovery to Show That the Charges against Appellant Were the Result of Vindictive Prosecution Raises a Substantial Question on Appeal

Appellant alleged pre-trial in the district court that the charges against him were a violation of his due process rights as vindictive prosecution for succeeding at trial in an earlier state prosecution that was coordinated with the federal government.  Specifically, in 2013, the Santa Clara County District Attorney's Office filed a criminal complaint in *People v. Kuburovich* against, inter alia, appellant and Kristel alleging five criminal counts against appellant and Kristel and an additional two against appellant alone all stemming from a medical marijuana cooperative which they ran.  (Dkt. 39-1 at 2-3.)  Following trial, on May 31, 2016,

---

[2] For purposes of this urgent motion the focus is on three substantial appellate issues, but there are others that require further examination by appellate counsel. For instance, this Court's denial of the defense's request for further instruction on count 2 following *In re Hammerstein*, 189 F. 37 (2d Cir. 1911) (Dkt. 144 at 810-13, 838, 841-42) and the denial of the motion for a bill of particulars (Dkt. 43, 77). Appellate counsel has also not yet examined any claims of ineffective assistance of trial counsel.

the defendants were acquitted of all charges.  (*Id.* at 2.)  On August 25, 2016, less than three months later, appellant and Kristel were indicted on the charges in the underlying the current appeal.  (Dkt. 1.)

However, the defense was aware that the state prosecutors had provided the federal government with appellant's and Kristel's bank and financial records as early as 2011 and that by 2013 state prosecutors had handed over to the federal government all of the records that would be used to bring the current federal indictment against appellant and Kristel.  (Dkt. 39-1 at 4-5.)  Yet, the federal government chose not to pursue an indictment against them for three years, waiting until they were acquitted in the state case on unrelated charges.

Because the allegations, if true, would compel dismissal of the charges, appellant requested that the district court grant discovery, including document subpoenas, to enable him to make the necessary showing for the court to find in his favor.  (*See* Dkt. 39, 42, 49.)  After extensive briefing from both parties, the district court denied the request.  (Dkt. 77.)

Based on Ninth Circuit precedent, the denial of any discovery under these circumstances raises an issue on appeal that is "fairly debatable" and has a likelihood of success for rehearing and/or retrial on the issue given the timing of the indictment and the cooperation by the state prosecutors with federal agents (*see* Dkt. 39-1 at 7).  *See One 1985 Mercedes*, 917 F.2d at 421 (citing *United States v.*

8

*Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989)) (remanding to district court for

discovery as to vindictive prosecution allegations based on "some evidence").

> **2.   Appellant's Right to a Speedy Trial Was Violated by the Government and the District Court's Denial of a Motion to Dismiss the Charges Raises a Substantial Question on Appeal**

Appellant filed a motion to dismiss the charges against him for violation of

the Speedy Trial Act ("STA"), 18 U.S.C. § 3161.  (Dkt. 83, 96.)  After extensive

briefing from both sides, the district court denied the motion.  (Dkt. 103-04.)

Appellant and Kristel alleged in at least two different periods extensive

delays by the government which were ostensibly for plea negotiations and obtaining

authorization from the prosecutors' supervisors, but were demonstrably not used for

those purposes.  The government thus obtained their stipulation to the continuances

by deceit.  (*See* Dkt. 83-1 at 2-10.)  However, even if the continuances were not

obtained by deceit, in the Ninth Circuit, engaging in plea negotiations is not a valid

reason for a continuance of trial, unless the court is notified that an agreement was

reached, which obviously did not happen here.  *See Hernandez-Meza*, 720 F.3d at

763.  And despite the stipulation, a defendant in the Ninth Circuit is not allowed to

voluntarily waive or forfeit his time under the STA as it is a public right.  *Ramirez-*

*Cortez*, 213 F.3d at 1155-56; *Karjala*, 2017 U.S. Dist. LEXIS 76556 at *3.  The

denial of this motion as well creates a "fairly debatable" issue on appeal.

9

### 3. Insufficient Evidence Was Presented at Trial to Support the Charges and Specifically the Government's Contention That Appellant Retained a Legal or Equitable Interest in the Money He Gifted to His Daughters, Raising a Substantial Question on Appeal

After his conviction, appellant filed a motion for acquittal on the basis that the government had not proved its case that he had committed bankrupcy fraud, concealed evidence in a bankrupcy proceeding, or made a false statement in a bankrupcy proceeding.  Kristel joined in the motion.  (Dkt. 120 at 1-2.)  The district court granted the motion as to Kristel but denied it as to appellant.  (Dkt. 136.)

The denial of the motion for acquittal also raises a "fairly debatable" issue for appeal because the government failed to provide sufficient evidence that appellant retained either legal or equitable interest in the gifts that he had given his daughters, a requirement for counts 1 and 2, because he did not.  His daughters were free to walk away from appellant (with their money) and never speak to him again.  (*See* Dkt. 120 at 7-8.)  And as to count 3, the government did not show beyond a reasonable doubt that appellant made any false statements to the bankrupcy court and certainly did not show that he had the requisite intent to do so.  (*See id.* at 10-11.)

## CONCLUSION

For the reasons set forth above, the issues are, at a minimum "fairly debatable" and appellant is entitled to bail while this Court considers them.  18 U.S.C. § 3143(b)(1)(B).

Date:  October 7, 2019

/s/ David Zarmi
David Zarmi

*Attorney for Appellant Goyko Gustav Kuburovich*

11

## DECLARATION OF DAVID ZARMI IN SUPPORT OF MOTION TO CONTINUE ON BAIL PENDING APPEAL

I, DAVID ZARMI, declare and state as follows:

1.      I am a Certified Appellate Specialist duly licensed to practice before the Ninth Circuit Court of Appeals.  I make this declaration in support of the Motion to Continue on Bail Pending Appeal.

2.      On June 17, 2019, the district court ordered appellant to self-surrender on October 10, 2019.  (Dkt. 162.)

3.      On June 24, 2019, trial counsel J. David Nick filed a notice of appeal with the district court.  (Dkt. 163.)

4.      On August 28, 2019, Mr. Nick filed request for extension of time to self-surrender to December 9, 2019.  (Dkt. 168.)  On September 6, 2019, the district court denied the request.  (Dkt. 169.)

5.      On September 3, 2019, I was retained by appellant to represent him on this appeal.

6.      On September 10, 2019, I drafted and signed a declaration for Mr. Nick in support of a motion attesting that for a fair opportunity at appeal I would require the ability to personally meet with appellant until at least November 11, 2019.  (Dkt. 170-1.)

7.      On September 12, 2019, I substituted in as counsel for Mr. Nick in the appeal.

8.      On September 17, 2019, Mr. Nick filed a second request for extension of time to self-surrender to November 11, 2019.  (Dkt. 170.)  On September 23, 2019, the district court denied the request.  (Dkt. 172.)

9.      On September 19, 2019, the district court filed the Ninth Circuit briefing schedule for the appeal, which had actually been lodged by this Court on June 25, 2019.  (Dkt. 171.)

12

10.    On September 24, 2019, a day after the second extension request had been denied, I prepared and filed a transcript designation form and transcript order form. (Dkt. 174-75; *see* attached Exs. C & D.)

11.    From September 29 through October 1, 2019, I was out of the office and unable to work due to the Rosh Hashana holiday.

12.    On October 1, 2019, court reporter Irene Rodriguez informed me via email that she had prepared the request transcripts and asked me to let her know when a check for the required $813.95 was "in the mail."  I mailed it out on October 2, 2019 and let her know by email that I had done so.  (*See* attached Ex. E.)  The check has not yet been deposited.

13.    On October 3, 2019, I filed a Motion for Bail Pending Appeal with the district court, which has not yet responded.  (Dkt. 176; see attached Ex. B.)

14.    On October 4, 2019, I requested a certificate regarding the transcript from Ms. Rodriguez by email, but have not yet received a response.  (*See* attached Ex. F.) I will file a supplemental memorandum when Ms. Rodriguez replies.

15.    I will transmit the district court's ruling with a supplemental memorandum once the district court rules on the Motion for Bail Pending Appeal filed below.

16.    At all times, I have diligently reviewed the record and prepared and filed the Motion for Bail Pending Appeal in the district court.  Because of the inability to extend the self-surrender date beyond October 10, 2019, I have filed this Motion as "urgent."

        I declare under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct.

Date: October 7, 2019                          By: /s/ David Zarmi

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1. This Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

2. This Motion contains 2,517 words and therefore complies with the space limitations established by Ninth Circuit Rule 27-1, which sets a 20-page limit on motions (excluding the parts of the document exempted by Fed. R. App. P. 32(f)), and, in conjunction with Rule 32-3(2), allows the filing of a proportionally spaced document "in which the word count divided by 280 does not exceed the designated page limit," i.e., in the case of a motion, up to 5600 words.

Date:  October 7, 2019

*/s/ David Zarmi*
David Zarmi

*Attorney for Appellant Goyko Gustav Kuburovich*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date:  October 7, 2019

*/s/ David Zarmi*
David Zarmi

*Attorney for Appellant Goyko Gustav Kuburovich*

# EXHIBIT A

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| Goyko Gustav Kuburovich | ) |
| | ) USDC Case Number: CR-16-00373-001 EJD |
| | ) BOP Case Number: DCAN516CR00373-001 |
| | ) USM Number: 23700-111 |
| | ) Defendant's Attorney: J. David Nick (Retained) |

**THE DEFENDANT:**

☐ pleaded guilty to count(s):

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☑ was found guilty on count(s): <u>1 through 3</u> after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 157(1) & 2 | Bankruptcy Fraud and Aiding and Abetting | 05/25/2010 | 1 |
| 18 U.S.C. §§ 152(1) & 2 | Concealment of Assets During Bankruptcy Proceedings and Aiding and Abetting | 05/25/2010 | 2 |
| 18 U.S.C. § 152(3) | False Statement During Bankruptcy Proceeding | 05/25/2010 | 3 |

The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s) dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/17/2019
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Edward J. Davila
<u>United States District Judge</u>
Name & Title of Judge

6/21/2019
_____
Date

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Goyko Gustav Kuburovich | Judgment - Page 2 of 8 |
| CASE NUMBER: CR-16-00373-001 EJD | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
      40 months. This term consists of terms of 40 months on each of Counts One through Three, all counts to be served concurrently.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below. Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐  The Court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  on  (no later than 2:00 pm).

    ☐  as notified by the United States Marshal.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑  at <u>2:00</u> pm on 10/10/2019 (no later than 2:00 pm).

    ☑  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Goyko Gustav Kuburovich | Judgment - Page 3 of 8 |
| CASE NUMBER: CR-16-00373-001 EJD | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>three (3) years</u>. This term consists of terms of three years on each of Counts One through Three, all such terms to run concurrently

## MANDATORY CONDITIONS OF SUPERVISION

1)      You must not commit another federal, state or local crime.

2)      You must not unlawfully possess a controlled substance.

3)      You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

         ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4) ☑    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5) ☑    You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6) ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7) ☐    You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Goyko Gustav Kuburovich | Judgment - Page 4 of 8 |
| CASE NUMBER: CR-16-00373-001 EJD | |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
           Defendant                                                          Date

           _____          _____
           U.S. Probation Officer/Designated Witness                    Date

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

| | |
|---|---|
| DEFENDANT: Goyko Gustav Kuburovich | Judgment - Page 5 of 8 |
| CASE NUMBER: CR-16-00373-001 EJD | |

## SPECIAL CONDITIONS OF SUPERVISION

1.     You must pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2.     You must provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

3.     You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4.     You must cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

| DEFENDANT:  Goyko Gustav Kuburovich | Judgment - Page 6 of 8 |
|---|---|
| CASE NUMBER:  CR-16-00373-001 EJD | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 300 | N/A | Waived | $ 2,050,800.69 |

☐   The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim spreadsheet with the U.S. District Court Clerk's Office | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | | $ 2,050,800.69 | |

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the .

     ☐   the interest requirement is waived for the  is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. AO 11/16-CAN 04/18) Judgment in Criminal Case

DEFENDANT: Goyko Gustav Kuburovich                 Judgment - Page 7 of 8
CASE NUMBER: CR-16-00373-001 EJD

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐   Lump sum payment of _____ due immediately, balance due

        ☐   not later than , or
        ☐   in accordance with   ☐ C,   ☐ D, or   ☐ E, and/or   ☐ F below); or

**B** ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑   Special instructions regarding the payment of criminal monetary penalties:
**It is further ordered that the defendant shall pay to the United States a special assessment of $300, and restitution in the amount of $2,050,800.69. Payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.  During imprisonment, payment of criminal monetary penalties are due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, restitution must be paid in monthly payments of not less than $1,000 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Any established payment plan does not preclude enforcement efforts by the US Attorney's Office if the defendant has the ability to pay more than the minimum due. The restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| | |
|---|---|
| DEFENDANT:  Goyko Gustav Kuburovich | Judgment - Page 8 of 8 |
| CASE NUMBER:  CR-16-00373-001 EJD | |

☐    The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

# EXHIBIT B

DAVID ZARMI - # 245636
davidzarmi@gmil.com
8950 W Olympic Blvd., Ste. 533
Beverly Hills, CA 90211
310-841-6455

Attorney for Defendant
GOYKO GUSTAV KUBUROVICH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 5:16-cr-00373-EJD-1 |
| Plaintiff, | ) |
| vs. | ) **EX PARTE MOTION FOR RELEASE ON** |
| | ) **BAIL PENDING APPEAL; DECLARATION** |
| | ) **OF DAVID ZARMI** |
| GOYKO GUSTAV KUBUROVICH, | ) |
| Defendant. | ) |
| | ) Judge: Edward J. Davila |
| | ) |
| _____ | ) |

Comes now the defendant Goyko Gustav Kuburovich ("Mr. Kuburovich") and, pursuant to Criminal Local Rule 47-3 moves the Court on an ex parte basis for an order permitting the defendant to remain at liberty on his present bond release pending the disposition of the appeal of his conviction currently pending in the United States Court of Appeal for the Ninth Circuit.  This motion is made on an ex parte basis because Mr. Kuburovich is currently scheduled to self-surrender to commence serving his sentence in this matter on October 10, 2019.  Pursuant to Rule 47-3 a copy of this motion is being served on the Office of the United States Attorney for the Northern District of California.

## I.    INTRODUCTION

Pursuant to 18 U.S.C. §3143(b), Mr. Kuburovich moves the Court for an order granting his release on bail pending his appeal to the Ninth Circuit Court of Appeals of his criminal convictions in this matter.

Apart from findings that Mr. Kuburovich would pose no risk of flight or danger to the public if released pending appeal — findings the Court has previously made in Mr. Kuburovich's favor — relevant precedent requires that Mr. Kuburovich present a "fairly debatable" appellate question in order to secure a release under the statute. *United States v. Handy*, 761 F.2d 1279, 1281-83 (9th Cir. 1985). The law is clear that an issue can be deemed "fairly debatable" even if the judge hearing the application for bail on appeal is convinced that the conviction in question will be affirmed by a reviewing court and would rule against the defendant himself. *Id.* at 1281.

As Mr. Kuburovich has demonstrated in his pre-trial motions and discusses further below, the appeal will raise claims that meet the "fairly debatable" standard.  Furthermore, if the claims succeed, they will result in the retrial or reversal of the offenses of which he stands convicted.  Accordingly, the Court should issue an order permitting Mr. Kuburovich's release on bail pending conclusion of the appeal under the same conditions on which he is currently free.

## II.    PROCEDURAL HISTORY

On August 25, 2016, a grand jury returned an indictment charging Mr. Kuburovich with three counts of bankruptcy fraud in violation of 18 U.S.C. § 157 (count 1), § 152(1) & (2) (count 2); and § 152(3) (count 3) by gifting his two daughters $750,000 one and a half years before filing for bankrupcy and not disclosing the gifts to the bankrupcy court.  His daughter Kristel was also indicted on the first two counts.  (Dkt. 1.)  On September 12, 2016, Mr. Kuburovich posted a $50,000 personal recognizance bond to secure his release pending trial and agreed to comply with conditions imposed by the Magistrate Judge.  (Dkt. 8, 11-12.)  The government subsequently stipulated to terminate the pretrial release condition of drug testing and out-of-state travel, to which the Magistrate Judge agreed.  (Dkt. 21, 23, 25-26, 28-29.)

EX PARTE MOTION FOR RELEASE ON BAIL PENDING APPEAL

On September 26, 2018, a jury returned a verdict of guilty as to all three counts.  (Dkt. 129-30.) Kristel was found guilty as to count 2, but this Court granted her motion for acquittal.  (Dkt. 129-30, 136.)  On June 17, 2019, this Court sentenced Mr. Kuburovich to forty months in federal prison and ordered him to self-surrender on October 10, 2019.  (Dkt. 162.)  This Court has since denied two requests to extend the surrender date for medical, financial, and legal reasons.  (Dkt. 168-72.)

## III.     BECAUSE MR. KUBUROVICH MEETS THE THREE REQUIREMENTS SET OUT IN 18 U.S.C. § 3143(B), HE SHOULD BE RELEASED ON BAIL PENDING APPEAL

A court "*shall* order" bail pending appeal if there is clear and convincing evidence that the appellant "is not likely to flee" or "pose a danger to [public] safety" and his "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the . . . duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B) (emphasis added).

A "substantial question" is one that is "fairly debatable."  *Handy*, 761 F.2d at 1281.  An issue can be deemed "fairly debatable" even if the judge hearing the application for bail on appeal is convinced that the conviction in question will be affirmed by a reviewing court and would rule against the defendant himself.  *Id*.  "[I]n short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous."  *Id.* at 1283.

### A.     As This Court Already Found, Mr. Kuburovich Is Neither a Flight Risk nor Does He Pose a Danger to Public Safety

Mr. Kuburovich is neither a flight risk nor does he pose a danger to public safety if he is continued on release pending appeal.  Implicit in this Court's continuing directive to release Mr. Kuburovich until his self-surrender date (*see* Dkt. 8, 11-12, 37, 62, 73, 78, 147, 162) is a finding that he is neither a flight risk nor a danger to public safety.  18 U.S.C. § 3143(a)(1) (a defendant must be detained pending sentencing unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to [public] safety").  Thus, this Court's directive to release Mr.

Kuburovich until his self-surrender satisfies the first two prongs of the standard for release pending appeal.

Not only did this Court make the findings that Mr. Kuburovich is neither a flight nor safety risk, but shortly after imposing the regular release conditions prohibiting out-of-state travel, it removed any limitations on Mr. Kuburovich's travel within the United States, explicitly including Hawaii.  (Dkt. 26, 29.)  This Court even removed periodic drug testing as a condition of release.  (Dkt. 23, 147.)  As condition of Mr. Kuburovich's release, he was required to report to Pretrial Services.  (*See* Dkt. 8, 11-12.)  As this Court is aware, Mr. Kuburovich has abided conscientiously by all supervised release conditions thus far.

Moreover, per the presentencing report, Mr. Kuburovich has very extensive ties to the community, including the continuing operation of the businesses  which constitute the livelihood of Mr. Kuburovich and his family.  He has deep roots in California and has always lived here.  (Dkt. 168 at 15.) He is active in his church and supports his family.  Mr. Kuburovich credibly indicated that he wishes to remain active in his church and in his businesses to pay the family bills and support his family.  His character letters from family members, friends, and work acquaintances describe him "as kind, thoughtful, caring, and generous."  (*Id.* at 16.)

As this Court is aware, Mr. Kuburovich has faithfully appeared before the Court at all times required.  *See* § 3142(g)(3)(A).  Additionally, Mr. Kuburovich suffers from a heart condition and recurring shingles that require ongoing medical treatment.  (Dkt. 168 at 16.)  In view of the present record and the Court's prior rulings, Mr. Kuburovich has established by clear and convincing evidence that his release presents neither a risk of flight nor a danger to public safety.  That being so, the question is not whether this Court at this stage believes the defendant will prevail on appeal, but rather whether the issue he raises is of the type that renders "fairly debatable" the likelihood of his success on appeal.

**B.  The Appeal Is Not for the Purpose of Delay and Will Raise Substantial Questions of Law or Fact Likely to Result in Reversal**

EX PARTE MOTION FOR RELEASE ON BAIL PENDING APPEAL

1. **The Denial of Any Discovery to Show That the Charges against Mr. Kuburovich Were the Result of Vindictive Prosecution Raises a Substantial Question on Appeal**

Mr. Kuburovich alleged that the charges against him were a violation of his due process rights as vindictive prosecution for succeeding at trial in an earlier state prosecution that was coordinated with the federal government.  Because the allegations, if true, would compel dismissal of the charges, Mr. Kuburovich requested that this Court grant discovery, including document subpoenas, to enable him to make the necessary showing for the Court to find in his favor.  (*See* Dkt. 39, 42, 49.)  After extensive briefing from both parties, this Court denied the request.  (Dkt. 77.)

Based on Ninth Circuit case law, this denial of any discovery raises an issue on appeal that is "fairly debatable" and has a likelihood of success for rehearing and/or retrial on the issue given the timing of the indictment and the cooperation by the state prosecutors with federal agents (*see* Dkt. 39-1 at 7).  *See United States v. Adams*, 870 F.2d 1140, 1146 (6th Cir. 1989) (cited favorably by *United States v. One 1985 Mercedes*, 917 F.2d 415, 421 (1990)) (remanding to district court for discovery as to vindictive prosecution allegations based on "some evidence").

2. **Mr. Kuburovich's Right to a Speedy Trial Was Violated by the Government and Should Result in a Dismissal of All Charges**

Appellant filed a motion to dismiss the charges against him for violation of the Speedy Trial Act ("STA"), 18 U.S.C. § 3161.  (Dkt. 83, 96.)  After extensive briefing from both sides, this Court denied the motion.  (Dkt. 103-04.)

Mr. Kuburovich and Kristel alleged in at least two different periods extensive delays by the government which were ostensibly for plea negotiations and obtaining authorization from the prosecutors' supervisors, but were demonstrably not used for those purposes.  The government thus obtained their stipulation to the continuances by deceit.  (*See* Dkt. 83-1 at 2-10.)  However, even if the continuances were not obtained by deceit, in the Ninth Circuit, engaging in plea negotiations is not a valid reason for a continuance of trial, unless the court is notified that an agreement was reached, which obviously did not happen here.  *See United States v. Hernandez-Meza*, 720 F.3d 760, 763 (9th Cir.

2013).  And despite the stipulation, a defendant in the Ninth Circuit is not allowed to voluntarily waive or forfeit his time under the STA as it is a public right.  *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155-56 (9th Cir. 2000); *United States v. Karjala*, 2017 U.S. Dist. LEXIS 76556, *3 (D. Alaska May 15, 2017).  The denial of this motion as well creates a "fairly debatable" issue on appeal.

### 3. Insufficient Evidence Was Presented at Trial to Support the Charges and Specifically the Government's Contention That Mr. Kuburovich Retained a Legal or Equitable Interest in the Money He Gifted to His Daughters

After his conviction, Mr. Kuburovich filed a motion for acquittal on the basis that the government had not proved its case that he had committed bankrupcy fraud, concealed evidence in a bankrupcy proceeding, or made a false statement in a bankrupcy proceeding.  Kristel joined in the motion.  (Dkt. 120 at 1-2.)  This Court granted the motion as to Kristel but denied it as to Mr. Kuburovich.  (Dkt. 136.)

The denial of the motion for acquittal also raises a "fairly debatable" issue for appeal because the government failed to provide sufficient evidence that Mr. Kuburovich retained either legal or equitable interest in the gifts that he had given his daughters, a requirement for counts 1 and 2, because he did not. His daughters were free to walk away from Mr. Kuburovich (with their money) and never speak to him again.  (*See* Dkt 120 at 7-8.)  And as to count 3, the government did not show beyond a reasonable doubt that Mr. Kuburovich made any false statements to the bankrupcy court and certainly did not show that he had the requisite intent to do so.  (*See id.* at 10-11.)[1]

## IV.   CONCLUSION

These are admittedly complex and weighty questions.  But at a minimum the questions are fairly debatable and Mr. Kuburovich is entitled to bail while the Ninth Circuit considers them.

---

[1] For purposes of this ex parte motion the focus is on three substantial appellate issues, but there are others that require further examination by appellate counsel.  For instance, this Court's denial of the defense's request for further instruction on count 2 following *In re Hammerstein*, 189 F. 37 (2d Cir. 1911) (Dkt. 144 at 810-13, 838, 841-42) and the denial of the motion for a bill of particulars (Dkt. 43, 77).  Appellate counsel has also not yet examined any claims of ineffective assistance of trial counsel, which this Court would know better than counsel at this point.

Dated: October 3, 2019

By:

/s/ David Zarmi

DAVID ZARMI

Attorney for Defendant
GOYKO GUSTAV
KUBUROVICH

EX PARTE MOTION FOR RELEASE ON BAIL PENDING APPEAL

**DECLARATION OF DAVID ZARMI IN SUPPORT OF EX PARTE MOTION FOR RELEASE ON BAIL PENDING APPEAL**

I, DAVID ZARMI, declare and state as follows:

1. I am a Certified Appellate Specialist duly licensed to practice in this Court and before the Ninth Circuit Court of Appeals.  I make this declaration in support of the Ex Parte Motion for Release on Bail Pending Appeal.

2. On June 17, 2019, this Court ordered Mr. Kuburovich to self-surrender on October 10, 2019.  (Dkt. 162.)

3. On June 24, 2019, trial counsel J. David Nick filed a notice of appeal with this Court.  (Dkt. 163.)

4. On August 28, 2019, Mr. Nick filed request for extension of time to self-surrender to December 9, 2019.  (Dkt. 168.)  On September 6, 2019, this Court denied the request.  (Dkt. 169.)

5. On September 3, 2019, I was retained by the Defendant, Goyko Gustav Kuburovich, to represent him on appeal from the judgment in NDCA case no. CR 16-00373-EJD.

6. On September 10, 2019, I drafted and signed a declaration for Mr. Nick in support of a motion attesting that for a fair opportunity at appeal I would require the ability to personally meet with Mr. Kuburovich until at least November 11, 2019.  (Dkt. 170-1.)

7. On September 12, 2019, I substituted in as counsel for Mr. Nick in the Ninth Circuit appellate case no. 19-10215.

8. On September 17, 2019, Mr. Nick filed a second request for extension of time to self-surrender to November 11, 2019.  (Dkt. 170.)  On September 23, 2019, this Court denied the request.  (Dkt. 172.)

9. On September 19, 2019, this Court filed the Ninth Circuit briefing schedule for the appeal case no. 19-10215, which had actually been lodged by the Ninth Circuit on June 25, 2019.  (Dkt. 171.)

10. On September 24, 2019, a day after the second extension request had been denied, I prepared and file a transcript designation form, transcript order form, and notice of appearance in this Court.  (Dkt. 173-75.)

11. From September 29 through October 1, 2019, I was out of the office and unable to work due to the Rosh Hashana holiday.

12. On October 1, 2019, court reporter Irene Rodriguez informed me via email that she had prepared the request transcripts and asked me to let her know when a check for the required $813.95 was "in the mail."  I mailed it out on October 2, 2019 and let her know by email that I had done so.

13. At all times, I have diligently reviewed the record and prepared this motion for bail pending appeal, but because of the inability to extend the self-surrender date beyond October 10, 2019, I am required to file this motion ex parte under Local Rule 47-3.

14. AUSA Scott Simeon informed me today that the request is opposed.

I declare under penalty of perjury of the laws of the State of California and the United States of America that the foregoing is true and correct.

Date: October 3, 2019                      By: /s/ David Zarmi

**[PROPOSED] ORDER GRANTING REQUEST FOR BAIL PENDING APPEAL**

     Good Cause having been shown by the defendant's ex parte application, the Court extends defendant's present bond release for the pendency of his appeal to the United States Court of Appeal for the Ninth Circuit.

                         So Ordered,

                         _____

                         Edward J. Davila
                         United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd of October, 2019, I electronically filed the foregoing document with the United States District Court, Northern District of California, by using the CM/ECF filing system.  I certify that the following parties or their counsel are registered ECF filers and they will be serviced by the CM/ECF system:

Jeffrey Benjamin Schenk

jeffrey.b.schenk@usdoj.gov

Tong Zhang

tong.zhang@usdoj.gov

Scott Simeon

scott.simeon@usdoj.gov

By:

*/s/ David Zarmi*

DAVID ZARMI

Attorney for Defendant
GOYKO GUSTAV
KUBUROVICH

# EXHIBIT C

Clear Form

CAND TDOF (Rev. 07/2013)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### TRANSCRIPT DESIGNATION FORM

For appeals to the Ninth Circuit United States Court of Appeals; do not use for appeals to the Federal Circuit.

| 9th Cir. Court of Appeals Case No: **19-10215** | District Court Case No(s): 5:16-cr-00373-EJD |
|---|---|
| Short Case Title<br>United States v. Kuborovich | Notice of Appeal Date & District Court Docket No.<br>6/24/19          **163** |
| Attorney or Pro Se Party Name:<br><br>David Zarmi | Address 8950 W Olympic Blvd., #533<br>Beverly Hills, CA 90211 |
| Telephone: 310-841-6455 | Email: davidzarmi@gmail.com |

**INSTRUCTIONS FOR COMPLETING THIS FORM:**

For information about designating transcripts for an appeal before the Ninth Circuit Court of Appeals, refer to the Federal Rules of Appellate Procedure, the Ninth Circuit's Local Rules and the instructions below. If you have further questions, contact the Court Reporter Supervisor in the court division in which your case was filed (cand.uscourts.gov/courtreportercontact).

1. **Designate transcripts.** Open and read the Minutes document for each proceeding via the links on the ECF docket. To designate a particular proceeding's transcript as part of the record on appeal, enter in the table below: the hearing date, court reporter's name, hearing type and, if you are designating transcripts in multiple case numbers, the case number for this proceeding. One line per proceeding/transcript. If you need more space, complete and attach a second copy of this form. If you are not designating transcripts, proceed to item #4.

2. **Identify transcripts already ordered.** REVIEW the ECF docket sheet to determine which, if any, of the transcripts you have designated, are already e-filed. In the right column of the table, **CHECK** "yes" and enter the docket number of each designated, e-filed transcript **OR** "no" for each designated transcript that needs to be ordered. If all transcripts are e-filed, proceed to item #4.

3. **Order transcripts.** For any remaining designated transcripts that have not been e-filed, COMPLETE, *separately for each court reporter*, a CAND 435 Transcript Order (CJA counsel should instead complete CJA 24 forms and submit them to the CJA Unit). **E-FILE** each CAND 435 Transcript Order in the U.S. District Court case.

**IMPORTANT:** Transcripts are not considered "ordered" until you have (1) EITHER e-filed a CAND 435 Transcript Order for each court reporter **OR** submitted a CJA 24 form to the CJA Unit for each court reporter **AND** (2) made payment arrangements. Unless payment is by the U.S. government, payment arrangements may be deemed made on the date the court reporter receives your deposit check. Therefore, you should contact the court reporter immediately upon e-filing your CAND 435 Transcript Order to make payment arrangements. *Please allow at least one week for making payment arrangements or processing your CJA 24 form to meet your Court of Appeals deadline for ordering transcripts.*

| HEARING DATE: | COURT REPORTER : | HEARING TYPE: | CASE No. | TRANSCRIPT E-FILED? ECF Dkt #? |
|---|---|---|---|---|
| 12/20/2017 | Summer Fisher | Motion | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **53**<br>☐ No; I have ordered or will order it. |
| 02/26/2018 | Irene Rodriguez | Motion | 5:16-cr-00373-EJD | ☐ Yes; Dkt #<br>☐ No; I have ordered or will order it. |
| 08/27/2018 | Irene Rodriguez | Motion | 5:16-cr-00373-EJD | ☐ Yes; Dkt #<br>☐ No; I have ordered or will order it. |
| 09/17/2018 | Irene Rodriguez | Pre-Trial | 5:16-cr-00373-EJD | ☐ Yes; Dkt #<br>☐ No; I have ordered or will order it. |
| 9/18/2018 | Irene Rodriguez | Trial | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **141**<br>☐ No; I have ordered or will order it. |
| 9/19/2018 | Irene Rodriguez | Trial | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **142**<br>☐ No; I have ordered or will order it. |

*If you are submitting multiple pages, please complete the blanks at right:* Page  1  of  2 .

4. **Certify and sign.** Check **ONE** of the following and **SIGN** at the bottom.
   - ☐ I do not intend to designate any portion of the transcript and will notify all counsel of this intention.
   - ☐ All designated transcripts are already e-filed in the U.S. District Court case(s) at the docket numbers indicated above.
   - ☑ As retained counsel (or litigant proceeding in pro per), I am ordering herewith by e-filing a CAND 435 Transcript Order Form the designated transcripts indicated above and I guarantee payment to the court reporter of the cost thereof.
   - ☐ As appointed or Government counsel, I certify that I have ☐ submitted a CJA Form 24 or ☐ e-filed a CAND 435 Transcript Order Form and that payment arrangements have been made or will be made today authorizing preparation of the transcript at the expense of the United States. I agree to recommend payment for work done prior to cancellation of this order.

*By signing below, I certify that I will order and make payment arrangements today for all transcripts designated on this form not already e-filed.*

/s/ David Zarmi
Signature of Attorney or Pro Se Party

Clear Form

CAND TDOF (Rev. 07/2013)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRANSCRIPT DESIGNATION FORM**

For appeals to the Ninth Circuit United States Court of Appeals; do not use for appeals to the Federal Circuit.

| 9th Cir. Court of Appeals Case No: **19-10215** | District Court Case No(s): 5:16-cr-00373-EJD |
|---|---|
| Short Case Title<br>United States v. Kuborovich | Notice of Appeal Date & District Court Docket No.<br>6/24/19        **163** |
| Attorney or Pro Se Party Name:<br>**David Zarmi** | Address 8950 W Olympic Blvd., #533<br>Beverly Hills, CA 90211 |
| Telephone: 310-841-6455 | Email: davidzarmi@gmail.com |

**INSTRUCTIONS FOR COMPLETING THIS FORM:**

For information about designating transcripts for an appeal before the Ninth Circuit Court of Appeals, refer to the Federal Rules of Appellate Procedure, the Ninth Circuit's Local Rules and the instructions below. If you have further questions, contact the Court Reporter Supervisor in the court division in which your case was filed (cand.uscourts.gov/courtreportercontact).

1. **Designate transcripts.** Open and read the Minutes document for each proceeding via the links on the ECF docket. To designate a particular proceeding's transcript as part of the record on appeal, enter in the table below: the hearing date, court reporter's name, hearing type and, if you are designating transcripts in multiple case numbers, the case number for this proceeding. One line per proceeding/transcript. If you need more space, complete and attach a second copy of this form. If you are not designating transcripts, proceed to item **#4**.

2. **Identify transcripts already ordered.** REVIEW the ECF docket sheet to determine which, if any, of the transcripts you have designated, are already e-filed. In the right column of the table, **CHECK** "yes" and enter the docket number of each designated, e-filed transcript **OR** "no" for each designated transcript that needs to be ordered. If all transcripts are e-filed, proceed to item **#4**.

3. **Order transcripts.** For any remaining designated transcripts that have not been e-filed, **COMPLETE**, *separately for each court reporter*, a CAND 435 Transcript Order (CJA counsel should instead complete CJA 24 forms and submit them to the CJA Unit). **E-FILE** each CAND 435 Transcript Order in the U.S. District Court case.

*IMPORTANT:* Transcripts are not considered "ordered" until you have (1) **EITHER** e-filed a CAND 435 Transcript Order for each court reporter **OR** submitted a CJA 24 form to the CJA Unit for each court reporter **AND** (2) made payment arrangements. Unless payment is by the U.S. government, payment arrangements may be deemed made on the date the court reporter receives your deposit check. Therefore, you should contact the court reporter immediately upon e-filing your CAND 435 Transcript Order to make payment arrangements. *Please allow at least one week for making payment arrangements or processing your CJA 24 form to meet your Court of Appeals deadline for ordering transcripts.*

| HEARING DATE: | COURT REPORTER : | HEARING TYPE: | CASE No. | TRANSCRIPT E-FILED? ECF Dkt #? |
|---|---|---|---|---|
| 09/21/2018 | Irene Rodriguez | Trial | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **143**<br>☐ No; I have ordered or will order it. |
| 09/24/2018 | Irene Rodriguez | Trial | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **144**<br>☐ No; I have ordered or will order it. |
| 09/25/2018 | Irene Rodriguez | Trial | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **145**<br>☐ No; I have ordered or will order it. |
| 09/26/2018 | Irene Rodriguez | Trial | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **146**<br>☐ No; I have ordered or will order it. |
| 10/09/2018 | Irene Rodriguez | Motion | 5:16-cr-00373-EJD | ☑ Yes; Dkt # **139**<br>☐ No; I have ordered or will order it. |
|  |  |  |  | ☑ Yes; Dkt # **142**<br>☐ No; I have ordered or will order it. |

*If you are submitting multiple pages, please complete the blanks at right:* Page 2 of 2 .

4. **Certify and sign.** Check **ONE** of the following and **SIGN** at the bottom.
   - ☐ I do not intend to designate any portion of the transcript and will notify all counsel of this intention.
   - ☐ All designated transcripts are already e-filed in the U.S. District Court case(s) at the docket numbers indicated above.
   - ☑ As retained counsel (or litigant proceeding in pro per), I am ordering herewith by e-filing a CAND 435 Transcript Order Form the designated transcripts indicated above and I guarantee payment to the court reporter of the cost thereof.
   - ☐ As appointed or Government counsel, I certify that I have ☐ submitted a CJA Form 24 or ☐ e-filed a CAND 435 Transcript Order Form and that payment arrangements have been made or will be made today authorizing preparation of the transcript at the expense of the United States. I agree to recommend payment for work done prior to cancellation of this order.

*By signing below, I certify that I will order and make payment arrangements today for all transcripts designated on this form not already e-filed.*

/s/ David Zarmi
_____
Signature of Attorney or Pro Se Party

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CAND 435
(CAND Rev. 08/2018)

**TRANSCRIPT ORDER**
Please use one form per court reporter.
*CJA counsel, please use Form CJA24*
Please read instructions on next page.

COURT USE ONLY
**DUE DATE:**

1a. CONTACT PERSON FOR THIS ORDER
David Zarmi

2a. CONTACT PHONE NUMBER
(310) 841-6455

3. CONTACT EMAIL ADDRESS
davidzarmi@gmail.com

6. CASE NUMBER
19-10215

1b. ATTORNEY NAME (if different)

2b. ATTORNEY PHONE NUMBER

3. ATTORNEY EMAIL ADDRESS

4. MAILING ADDRESS (INCLUDE LAW FIRM NAME, IF APPLICABLE)
8950 W Olympic Blvd., Ste. 533
Beverly Hills, CA 90211

5. CASE NAME
United States v. Kuburovich

8. THIS TRANSCRIPT ORDER IS FOR:
☑ APPEAL  ☑ CRIMINAL  ☐ In forma pauperis (NOTE: Court order for transcripts must be attached)
☐ NON-APPEAL  ☐ CIVIL  CJA: Do not use this form; use Form CJA24.

7. COURT REPORTER NAME ( FOR FTR, LEAVE BLANK AND CHECK BOX)→ ☐ FTR
Irene Rodriguez

9. TRANSCRIPT(S) REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested), format(s) & quantity and delivery type:

a. HEARING(S) (OR PORTIONS OF HEARINGS)

b. SELECT FORMAT(S) *(NOTE: ECF access is included with purchase of PDF, text, paper or condensed.)*

c. DELIVERY TYPE (Choose one per line)

| DATE | JUDGE (initials) | TYPE (e.g. CMC) | PORTION If requesting less than full hearing, specify portion (e.g. witness or line) | PDF (email) | TEXT/ASCII (email) | PAPER | CONDENSED (email) | ECF ACCESS (web) | ORDINARY (30-day) | 14-Day | EXPEDITED (7-day) | 3-DAY | DAILY (Next day) | HOURLY (2 hrs) | REALTIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/26/2018 | EJD | Motion | | ● | ○ | ○ | ○ | ○ | ■ | ○ | ○ | ○ | ○ | ○ | ○ |
| 08/27/2018 | EJD | Motion | | ● | ○ | ○ | ○ | ○ | ● | ○ | ○ | ○ | ○ | ○ | ○ |
| 09/17/2018 | EJD | Pretrial | | ● | ○ | ○ | ○ | ○ | ● | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |

10. ADDITIONAL COMMENTS, INSTRUCTIONS, QUESTIONS, ETC:

ORDER & CERTIFICATION (11. & 12.) By signing below, I certify that I will pay all charges (deposit plus additional).

11. SIGNATURE
/s/ David Zarmi

12. DATE
09/24/2018

Clear Form

Save as new PDF

CAND 435
(Rev. 08/2018)

# INSTRUCTIONS

Use this form to order the transcription of a record of proceedings. **CJA counsel should use Form CJA24.** Before completing this form, please visit cand.uscourts.gov/transcripts for complete transcript ordering information. **THESE INSTRUCTIONS SUPPLEMENT THE WEBSITE INFORMATION.**

1.  Complete a separate order form for each case number for which transcripts are ordered.
2.  Complete a separate order form for each court reporter who reported proceedings in the case.
3.  Complete Items 1-12. Keep a copy of your completed order form for your records.
4.  E-file this form in the U.S. District Court CM/ECF system. **Exceptions to e-filing:** (a) sealed cases/proceedings; (b) non-parties; (c) pro se parties who are not e-filers. In such cases, mail or hand-deliver a hard copy addressed to the court reporter supervisor (email list available at cand.uscourts.gov/transcripts/contact) at the Court division where the proceeding was held.
5.  Next, the court reporter/transcriber will contact you to confirm estimated costs and delivery options. Deliver payment to the court reporter/transcriber promptly. Upon receipt of the deposit, the court reporter/transcriber will begin work on the transcript.
6.  Unless prepayment is waived, delivery time is computed from the date the court reporter/transcriber receives the deposit, authorized CJA 24 Form, authorization from Federal Public Defender's Office or, for transcripts ordered by the U.S. government, from the date of receipt of the DCN number.
7.  The deposit fee is an estimate. Any overage will be refunded; any shortage will be due from you.

## ITEM-BY-ITEM INSTRUCTIONS (ITEMS 1-12):

Items 1-3     In fields 1a, 2a & 3a, please provide the contact name and information for the person responsible for ordering the transcript. In a law office, this is usually a paralegal or administrative assistant, not the attorney. In fields 1b, 2b & 3b, provide the attorney name and contact info, if the attorney is not the contact person.

Items 5-6.    Only one case number may be listed per order.

Item 7.       Visit cand.uscourts.gov/transcripts for instructions for determining the name of the court reporter who reported the proceeding or if the proceeding was audio-recorded. If minutes have not been filed, contact the court reporter supervisor at the division where the hearing was held.

Item 8.       Check appeal OR non-appeal AND criminal OR civil. **In forma pauperis:** a court order specifically authorizing transcripts is required before transcripts may be ordered *in forma pauperis*.

Item 9a.      List specific date(s) of the proceedings for which transcript is requested. A transcript of only a portion of a proceeding may be ordered, if the description is clearly written to facilitate processing. Under "type," indicate briefly what type of proceeding it was, such as "motion," "sentencing," or "CMC."

Item 9b.      Select desired **FORMAT(S)** for transcript. There is an additional charge for each format ordered. Visit cand.uscourts.gov/transcripts/rates for details. Unlock ECF/web access is included at no extra charge with each of the other formats.

Item 9c.      There are 7 **DELIVERY TYPES** to choose from (times are computed from date of receipt of the deposit fee or DCN number). **NOTE:** Full price may be charged only if the transcript is delivered within the required time frame. For example, if an order for expedited transcript is not completed and delivered within 7 calendar days, the 14-day delivery rate would be charged.

**TRANSCRIPT DELIVERY TIMES:**

- ▪ **ORDINARY** — 30 calendar days.
- ▪ **14-DAY** — 14 calendar days.
- ▪ **EXPEDITED** — 7 calendar days.
- ▪ **3-DAY** — 3 calendar days
- ▪ **DAILY (NEXT DAY)** — Following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day.
- ▪ **HOURLY (SAME DAY)** — within two (2) hours.
- ▪ **REALTIME** — A draft unedited, uncertified transcript produced by a certified realtime reporter as a byproduct of realtime to be delivered electronically during proceedings or immediately following adjournment.

Item 11.      Sign in this space to certify that you will pay all charges (the deposit plus any additional charges.) An electronic or conformed (/s/) signature is acceptable.

Item 12.      Enter the date of signing the order and certification.

# EXHIBIT E

 **David Z <davidzarmi@gmail.com>**

---

## Re: Activity in Case 5:16-cr-00373-EJD USA v. Kuburovich et al Transcript Designation Form

**David Z** <davidzarmi@gmail.com>                                      Tue, Oct 1, 2019 at 11:46 PM
To: Irene Rodriguez <Irene_Rodriguez@cand.uscourts.gov>

It's in the mail--thanks!

On Tue, Oct 1, 2019 at 2:42 PM Irene Rodriguez <Irene_Rodriguez@cand.uscourts.gov> wrote:

> Good Afternoon,
>
> Attached is your invoice for the requested transcripts.  Please let me know when your check is in the mail.  The transcripts are ready.
>
> Very Truly Yours,
>
> Irene Rodriguez
>
>
> **From:** David Z <davidzarmi@gmail.com>
> **Sent:** Tuesday, September 24, 2019 11:15 PM
> **To:** Irene Rodriguez <Irene_Rodriguez@cand.uscourts.gov>
> **Subject:** Fwd: Activity in Case 5:16-cr-00373-EJD USA v. Kuburovich et al Transcript Designation Form
>
> Hi Irene,
>
> I have filed the designation form.  Please let me know if you'd like a copy of the PDF.  Thanks!
>
> --David
>
> ---------- Forwarded message ---------
> From: <ECF-CAND@cand.uscourts.gov>

Date: Tue, Sep 24, 2019 at 11:12 PM
Subject: Activity in Case 5:16-cr-00373-EJD USA v. Kuburovich et al Transcript Designation Form
To: <efiling@cand.uscourts.gov>


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

California Northern District

## Notice of Electronic Filing

The following transaction was entered by Zarmi, David on 9/24/2019 at 11:11 PM and filed on 9/24/2019

**Case Name:**       USA v. Kuburovich et al

**Case Number:**     5:16-cr-00373-EJD

**Filer:**           Dft No. 1 - Goyko Gustav Kuburovich

**Document Number:** 174

**Docket Text:**
**Transcript Designation Form by Goyko Gustav Kuburovich for proceedings held on 12/20/17;2/26/18;8/27/18;9/17/18;9/18/18;9/19/18;9/21/18;9/24/18;9/25/18;9/26/18;10/9/18 before Judge EJD;NMC, (Zarmi, David) (Filed on 9/24/2019)**

**5:16-cr-00373-EJD-1 Notice has been electronically mailed to:**

David Zarmi &nbsp &nbsp davidzarmi@gmail.com

J. David Nick &nbsp &nbsp jdavidnick@lawyer.com

Jeffrey Benjamin Schenk &nbsp &nbsp jeffrey.b.schenk@usdoj.gov, tong.zhang@usdoj.gov

Scott Simeon &nbsp &nbsp scott.simeon@usdoj.gov, CaseView.ECF@usdoj.gov, tong.zhang@usdoj.gov

Zenia Karen Gilg &nbsp &nbsp zenia@jacksonsquarelaw.com

**5:16-cr-00373-EJD-1 Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\combinepdf (2).pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/24/2019] [FileNumber=16252121-0]
[0cdf7445d09fcbb36adbb9954458d25ab4bbf5d3943a467a3b55ff0f8427d4612a59
6d1e277a83d3565db6f146509316675033bc0bb4cddee54eee5f7c48f3ac]]

# EXHIBIT F

 Gmail

**David Z <davidzarmi@gmail.com>**

___

## Fwd: Activity in Case 5:16-cr-00373-EJD USA v. Kuburovich et al Transcript Designation Form

**David Z** <davidzarmi@gmail.com>                                                    Mon, Oct 7, 2019 at 12:23 AM
To: Irene Rodriguez <Irene_Rodriguez@cand.uscourts.gov>

___

---------- Forwarded message ---------
From: **David Z** <davidzarmi@gmail.com>
Date: Fri, Oct 4, 2019 at 4:52 PM
Subject: Re: Activity in Case 5:16-cr-00373-EJD USA v. Kuburovich et al Transcript Designation Form
To: Irene Rodriguez <Irene_Rodriguez@cand.uscourts.gov>


Irene, I am so sorry for asking for this on a short time frame, but I just learned that in order to file a motion for bail pending appeal in the Ninth Circuit I absolutely must have a certification from you that I ordered the transcripts and have mailed you a check.

Circuit Rule 9-1.2(b)
http://cdn.ca9.uscourts.gov/datastore/uploads/rules/rules.htm#pID0E0BXB0HA

A movant for bail pending appeal shall also attach to the motion a certificate of the court reporter containing the name, address, and telephone number of the reporter who will prepare the transcript on appeal and the reporter's verification that the transcript has been ordered and that satisfactory arrangements have been made to pay for it, together with the estimated date of completion of the transcript. A motion for bail which does not comply with part (b) of this rule will be prima facie evidence that the appeal is taken for the purpose of delay within the meaning of 18 U.S.C. § 3143(b).

I don't know if you've done one of these before, but I'm happy to draft it for you if not.  I would like to try to get it ready by Sunday (Mr. Kuburovich must self-surrender by Wednesday) but please let me know your earliest.  Thank you.

On Tue, Oct 1, 2019 at 11:46 PM David Z <davidzarmi@gmail.com> wrote:
> It's in the mail--thanks!
>
> On Tue, Oct 1, 2019 at 2:42 PM Irene Rodriguez <Irene_Rodriguez@cand.uscourts.gov> wrote:
>
>> Good Afternoon,
>>
>>
>> Attached is your invoice for the requested transcripts.  Please let me know when your check is in the mail.  The transcripts are ready.

Very Truly Yours,

Irene Rodriguez

**From:** David Z <davidzarmi@gmail.com>
**Sent:** Tuesday, September 24, 2019 11:15 PM
**To:** Irene Rodriguez <Irene_Rodriguez@cand.uscourts.gov>
**Subject:** Fwd: Activity in Case 5:16-cr-00373-EJD USA v. Kuburovich et al Transcript Designation Form

Hi Irene,

I have filed the designation form.  Please let me know if you'd like a copy of the PDF.  Thanks!

--David

---------- Forwarded message ---------
From: <ECF-CAND@cand.uscourts.gov>
Date: Tue, Sep 24, 2019 at 11:12 PM
Subject: Activity in Case 5:16-cr-00373-EJD USA v. Kuburovich et al Transcript Designation Form
To: <efiling@cand.uscourts.gov>

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

## Notice of Electronic Filing

The following transaction was entered by Zarmi, David on 9/24/2019 at 11:11 PM and filed on 9/24/2019

| | |
|---|---|
| **Case Name:** | USA v. Kuburovich et al |

**Case Number:**    5:16-cr-00373-EJD

**Filer:**    Dft No. 1 - Goyko Gustav Kuburovich

**Document Number:** 174

**Docket Text:**
**Transcript Designation Form by Goyko Gustav Kuburovich for proceedings held on 12/20/17;2/26/18;8/27/18;9/17/ 18;9/18/18;9/19/18;9/21/18;9/24/18;9/25/18;9/26/18;10/9/18 before Judge EJD;NMC, (Zarmi, David) (Filed on 9/24/2019)**

**5:16-cr-00373-EJD-1 Notice has been electronically mailed to:**

David Zarmi &nbsp &nbsp davidzarmi@gmail.com

J. David Nick &nbsp &nbsp jdavidnick@lawyer.com

Jeffrey Benjamin Schenk &nbsp &nbsp jeffrey.b.schenk@usdoj.gov, tong.zhang@usdoj.gov

Scott Simeon &nbsp &nbsp scott.simeon@usdoj.gov, CaseView.ECF@usdoj.gov, tong.zhang@usdoj.gov

Zenia Karen Gilg &nbsp &nbsp zenia@jacksonsquarelaw.com

**5:16-cr-00373-EJD-1 Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\combinepdf (2).pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/24/2019] [FileNumber=16252121-0]
[0cdf7445d09fcbb36adbb9954458d25ab4bbf5d3943a467a3b55ff0f8427d4612a59
6d1e277a83d3565db6f146509316675033bc0bb4cddee54eee5f7c48f3ac]]