UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GOYKO GUSTAV KUBUROVICH,<br>Defendant. | Case No. 5:16-cr-00373-EJD-1<br>**ORDER DENYING MOTION FOR BAIL PENDING APPEAL**<br>Re: Dkt. No. 176 |

Before the court is Defendant Goyko G. Kuburovich's ("Defendant") motion for bail pending appeal. Dkt. 176. The Court has received an Opposition from the Government. Dkt. 179.

Under the Bail Reform Act of 1984, a "judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds – (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community if released . . .; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the time already served plus the time expected for the duration of the appeal. 18 U.S.C. § 3143(b)(1). With respect to the latter requirement, the Court must resolve two questions: (1) whether the appellate issues raised by the defendant are "substantial" and (2) whether those issues are "likely to result in reversal." *United States v. Handy*, 761 F.2d 1279, 1280–81 (9th Cir. 1985). A "substantial question" is one that is "fairly debatable" or "fairly doubtful." *Id*. at 1283 (quotations omitted). The burden is on

Case No.: 5:16-cr-00373-EJD-1
ORDER DENYING MOTION FOR BAIL PENDING APPEAL
1

Defendant, Kuburovich, to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990) ("As the moving party, it is [the defendant's] burden" to "raise[] a 'fairly debatable' issue on appeal.").

As to the question of whether Defendant is a flight risk or a danger to the community the Government argues that although the Defendant was viewed as an appropriate candidate for pre-trial release, circumstances now post-conviction have changed. The Government argues that the Defendant's repeated attempts to delay his surrender after having agreed to the surrender date suggest that the Defendant is attempting to avoid the result of the jury's findings and the Court's decision as to his sentence. The Government also argues that the Defendant's history of committing fraud evidenced by his state criminal convictions and the fact that he used his then 19-year-old daughter to further the crimes he was convicted of indicate he is capable of sophisticated criminal enterprises such that he continues to pose a risk to the community while at large. The Government next argues that the Defendant fails to establish that his appeal raises a substantial issue of law or fact likely to result in reversal, a new trial, or a dramatically lower sentence.

Defendant raises three issues in support his request for bail pending appeal. Defendant argues that the Court's rulings denying his pre-trial motions for discovery in regard to his motion for Vindictive Prosecution and denying his motion alleging stipulations for continuances were accomplished by deceit create "fairly debatable" issues for appeal. Dkt. 176 at page 6. Defendant finally argues that there was insufficient evidence presented at the trial to support the charges and specifically, the contention that he retained any interest in the money gifted to his daughters. After the jury returned its verdict, the Court heard Defendant's motion for acquittal and new trial and denied it as to Defendant. Dkt. 136. Defendant argues that this denial also raises a "fairly debatable" issue on appeal.

Although Defendant's motion suggests issues that may be "fairly debatable," Defendant fails to raise or support any substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence. *See* 18 U.S.C. § 3143(b)(1); *Handy*, 761 F.2d 1280–81 (9th Cir. 1985). The Court is unable to find that Defendant's appeal raises a substantial question of law or

Case No.: 5:16-cr-00373-EJD-1
ORDER DENYING MOTION FOR BAIL PENDING APPEAL

2

fact likely to result in reversal, a new trial, or a reduced sentence. *See* 18 U.S.C. § 3143(b)(1). Defendant having failed to raise any meritorious claims of error that warrant review, the Court doubts that the appeal is not for the purpose of delay. *See* 18 U.S.C. § 3143(b)(1)(B). Accordingly, Defendant's motion for bail pending appeal is DENIED.

The Court declines to reach the question whether Defendant is a danger to the community or a flight risk because he is, in any event, not entitled to bail for the reasons stated.

**IT IS SO ORDERED.**

Dated: October 9, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cr-00373-EJD-1
ORDER DENYING MOTION FOR BAIL PENDING APPEAL
3